## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| Merle Richard Schmidt | ) | |
| Petitioner, | ) | |
| | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| TINA POTUTO KIMBLE, in her official | ) | |
| capacity as Clerk of the United States | ) | |
| Court of International Trade | ) | |
| Respondent. | ) | |

## PETITION FOR DECLARATORY JUDGMENT

Pursuant to prohibitions of Amendment IX, Petitioner states and alleges:

### INTRODUCTION

The injury herein stated should be redressed by favorable decision.

A tribunal of three duly commissioned Notaries of the State of Iowa did

cause Respondent TINA POTUTO KIMBLE to be placed on notice to file the

Complaint as shown in Exhibit A attached hereto.

TINA POTUTO KIMBLE, Clerk of the United States Court of International

Trade, did refuse to file said Complaint. Petitioner has been denied access to

an Article III court and has suffered an injury in fact as a result of Respondent's

conduct. Petitioner seeks declaratory decree that Respondent has a ministerial

duty to file said Complaint as a matter of law.

## PARTIES

1.    Petitioner is one of the people of Iowa whose mailing address is Merle Richard Schmidt, General Delivery, Deep River Post Office, Deep River, Iowa.

2.    Respondent TINA POTUTO KIMBLE is Clerk of the Article III United States Court of International Trade whose mailing address is Office of the Clerk of Court, United States Court of International Trade, One Federal Plaza, New York, New York 10278-0001.

## VENUE AND JURISDICTION

3.    TINA POTUTO KIMBLE is an officer or agent of the United States.

4.    Venue is proper pursuant to **28 U.S.C. 1391 (e)**.

5.    This is a case of actual controversy brought into this court of the United States.

6.    Petitioner invokes **28 U.S.C. § 2201**.

7.    This court has jurisdiction.

## NARRATIVE

8.    The geographical jurisdiction of the United States Court of International Trade extends throughout the United States.

9.    With the Customs Courts Act of 1980, Congress clarified and expanded

the status, jurisdiction, and powers of the former United States Customs Court.

10.    Title 18 decrees as codified at **18 U.S.C. § 1964 (a)**, to wit:  "The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise, imposing reasonable restriction on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

11.    Title 28 decrees as codified at **28 USC § 1585**, to wit:  "The Court of International Trade shall possess all the powers in law and equity of, or as conferred by statute upon, a district court of the United States."

12.    Respondent's office did receive Exhibit A with filing fee from the tribunal of Notaries at 12:08 p.m. on June 17, 2014.

13.    Respondent did refuse to acknowledge ever receiving Exhibit A,

14.    Exhibit B was then received by the Respondent at 1:00 p.m on September 11, 2014.

15.     The Respondent, or a subordinate, did execute Exhibit C and did then send Exhibit A and Exhibit B, along with the money order submitted for filing fee, by U.P.S. and the same was received by Notary Public DRUYOR ALLEN KNIGHT on September 26, 2014.

16.     The duties of Respondent under powers of a district court is very specific in ***"making due provision for the rights of innocent persons***."

17.     Amendment IX to the Constitution for the United States of America is applicable.

18.     Abrogation of **28 USC § 1585** has sustained a racketeering network.

19.     TINA POTUTO KIMBLE stands in breach of fiduciary duties.

        **WHEREFORE,** petitioner prays:

a.      For a declaratory decree that TINA POTUTO KIMBLE is vested only with ministerial duties governed by law respecting the Petitioner and Amendment IX of the federal Constitution and is in want of discretionary power to refuse to file the Complaint in Exhibit A;  and

b.      For an order mandating that TINA POTUTO KIMBLE forthwith file the case shown in Exhibit A;  and

c.      For judgment against TINA POTUTO KIMBLE for Petitioners' expenses heretofore incurred and the costs of this action plus other relief that the court deems just and proper;  and

d.    If somehow it be shown that the Respondent has lawful capacity to abrogate the expanded powers set forth in **28 USC § 1585**, and with petitioner's access to a true Article III district court of the United States abrogated, petitioner prays for a declaratory decree of petitioner's exact rights and procedures to access and convene a true Article III district court of the United States that exercises jurisdiction in accordance with Amendment VII of the Constitution for the United States of America and functions beyond the scope or control of the corporate legislative and administrative United States District Court created by Congressional enactment authorized by Article IV §3 of said Constitution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated this _24 th_ day of October 2014.

Merle Richard Schmidt
General Delivery
Deep River Post Office
Deep River, Iowa

Exhibit A

UNITED STATES COURT OF INTERNATIONAL TRADE

----------------------------------------------X

A People hereinafter identified
Merle Richard Schmidt,                        :

           Plaintiff,                          :

              v.                               :          CIVIL ACTION

                                               :

THE UNITED STATES,                             :
IOWA COUNTY,                                   :          No. _____
LEWIS McMEEN,                                  :
KIMBERLY TANKE,                                :
THOMAS BUCHANAN                                :
ROBERT LEINEN                                  :
KANDYCE SMOLIK,                                :
DAVID SEABA,                                   :
SUELLEN SEABA,                                 :
DONALD JONES,                                  :
GOLDEN GRAIN ENTERPRISES,                      :
TRAVELERS INSURANCE and                        :
ALLIED INSURANCE                               :

                                               :

           Defendants.                         :

----------------------------------------------X

## NOTICE OF INSTRUCTIONS TO ASSIGN CASE NUMBER AND FILE CIVIL ACTION

Upon receipt of this document with enclosures, that is now intended

to be mailed by United States Certified Mail 7011 1150 0000 2202 6190, the

Clerk of the United States Court of International Trade has notice

accordingly.



Notary Public of the State of Iowa

Notary Public of the State of Iowa



Notary Public of the State of Iowa

-2-

UNITED STATES COURT OF INTERNATIONAL TRADE

---------------------------------------------X

A People hereinafter identified  :
Merle Richard Schmidt,           :
                                 :
        Plaintiff,               :
                                 :
            v.                   :    CIVIL ACTION
                                 :
THE UNITED STATES,               :
IOWA COUNTY,                     :    No. _____
LEWIS McMEEN,                    :
KIMBERLY TANKE,                  :
THOMAS BUCHANAN                  :
ROBERT LEINEN                    :
KANDYCE SMOLIK,                  :
DAVID SEABA,                     :
SUELLEN SEABA,                   :
DONALD JONES,                    :
GOLDEN GRAIN ENTERPRISES,        :
TRAVELERS INSURANCE and          :
ALLIED INSURANCE                 :
                                 :
        Defendants.              :

---------------------------------------------X

## INSTRUCTIONS TO ASSIGN CASE NUMBER AND FILE CIVIL ACTION

The undersigned people of Iowa, in harmony with Amendment I of the Bill of

Rights, now petitions for redress of grievances as a matter secured by Amendment IX

and instructs the Clerk in the above-entitled cause to assign a case number and to file

this people's Complaint, a copy of which is attached hereto.  This people further states:

1.      "The sovereignty of the United States resides in the people, and Congress

        cannot invoke the sovereignty of the people to override their will as declared in

        the Constitution."

-1-

2.    "A patent for land is the highest evidence of title and is conclusive as against the government and all claiming under junior patents or titles, until it is set aside or annulled by some judicial tribunal."

3.    A patent for land expresses an "Obligation of Contract."

4.    This Court has jurisdiction over agencies of the United States.

5.    The United States Farm Service Agency is an agency of the United States.

6.    The Farm Service Agency has acted in concert with others for revenue purposes in want of deriving just powers from the consent of the governed.

7.    The Farm Service Agency has violated acts of Congress that are the foundation for patents for land.

8.    The undersigned people invokes the maxim,  "The agreement of the parties makes the law of the contract."

9.    The Congress of the United States and the undersigned are in "Agreement:,"

a.  As codified in **18 U.S.C. §1964(a)**,  "The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons."

and

b.  As codified in **28 U.S.C. §1585**, "The Court of International Trade shall possess all the powers in law and equity of, or as conferred by statute upon, a district court of the United States."

10.      All persons are placed on notice:  Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them.

       **WHEREFORE,** the undersigned people mentioned in Amendment IX of the Bill of Rights instructs the Clerk of the Article III United States Court of International Trade to assign a case number to his Complaint and file said Complaint for adjudication pursuant to agreements that create law.

       I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SEAL



Executed: June __13__, 2014       *Merle Richard Schmidt* (rex)

                                 Merle Richard Schmidt
                                 General Delivery
                                 Deep River Post Office
                                 Deep River, Iowa

FSA-476DCP
(01-22-03)

U.S. Department of Agriculture
Farm Service Agency

**Notification of Bases, Payment Yields, and CRP Reductions After Reconstitution**

IOWA COUNTY FARM SERVICE AGENCY
435 N HIGHLAND
WILLIAMSBURG IA 52361-0000
(319)668-2010

05/24/2007

MERLE R SCHMIDT
2762 CC AVE
VICTOR IA 52347-0000

Year:       2007  -  2007
Farm No:    5533

THIS STATEMENT IS THE RESULT OF THE DIVISION OF PARENT FARM 4894 INTO NEW FARMS 5532 AND 5533

There are no base or potential base acres on this farm

This farm is the result of a division of farm number 4894.

A husband and wife may sign on behalf of each other unless written denial has been provided to the county office.

The final date to appeal this data is the appeal date listed below.

| | | |
|---|---|---|
| Operator: | MERLE R SCHMIDT | |
| Owner: | RIVER VALLEY TRUST | |
| Farm Identifier: | | |
| FAV/WR History: | N | **Final Date for Appeal:**      06/23/2007 |

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its program and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information ( Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of Discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, SW., Washington, DC 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD).  USDA is an equal opportunity provider and employer

FILED

## IN THE IOWA DISTRICT COURT IN AND FOR IOWA COUNTY

**STATE OF IOWA** 2007 MAY 29 PM 1: 41     Before Magistrate _____ **Leinen** _____

**COUNTY OF IOWA** SHERYL NEAL     Criminal Number _____
CLERK OF DISTRICT COURT

vs.     **Complaint and Affidavit**

### Tanke, Kim     d.b.a Iowa County Treasurer

THE DEFENDANT is accused of the crime of alteration of public records, knowing the same to be false (because of fraud) in violation of Section 714.8, subsection 4, of the Iowa Criminal Code / 2007 (714.9 Class C felony) in that the Defendant on or about March 12, 2007, in Iowa County, did wilfully and knowingly subscribe her name upon a tax deed thereby changing the record title holder of land in Book 812, Pages 47-49 of the Iowa County Recorder's office at or about 9:27 AM on 3/13/2007, all while the Affidavit with pertinent redemption information had been concealed by Kim Tanke, and said redemption information was not accessible by her subordinates, nor accessible by the owner of the land.

Therefore, Complainant requests that, pursuant to Iowa Rule of Criminal Procedure 2.3 j., the Court convene the Iowa County Grand Jury to perform its special duty set forth in Iowa Rule of Criminal Procedure 2.3 j(3).

Complainant _Merle Richard Schmidt_

Merle Richard Schmidt

_____

### Affidavit

STATE OF IOWA, County of _____ **Iowa** _____ ss:

I the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

On March 12, 2007 the Defendant Kim Tanke did subscribe her name upon a tax deed issued to Adair Holdings, L.L.C. respecting **the NW1/4 of the NW1/4 of Sec. 33, Twp. 79 North, Range 12 West of the 5th Principal Meridian**. The tax deed was thus recorded in Book 812, Pages 47-49 changing the public records at or about 9:27 AM on 3/13/2007 to show a new record title holder. Prior to execution of the tax deed, the Affidavit with redemption information was not accessible to employees working under Iowa County Treasurer Kim Tanke or to the owner of the land on December 11, 2006, nor on January 4, 2007, nor on March 5, 2007, nor on March 8, 2007. After the tax deed was issued on March 12, 2007 it was disclosed in the Iowa County Treasurer's office that the Affidavit with pertinent redemption information had been in Kim Tanke's personal possession.

The value of the land exceeds $10,000.

_Lance Tod Schaefer_

Lance Tod Schaefer

Subscribed and sworn to before me by Lance Tod Schaefer at rural Guernsey, Iowa this  29th day of May, 2007.

_____

Notary Public

RICH DANA
Commission Number 720213
My Commission Expires
1 3 / c 1

# The PIONEER-REPU[BLICAN]
## of IOWA COUNTY



\*\*\*\*\*\*\*\*\*\*\*\*\*\*CAR-RT LOT\*\*R201
8/19/2014
[21]

VICTOR IA 52347-8534

A GANNETT COMPANY

www.yourweeklypaper.com     Volume 157, Number 12     March 20, 2014     Single copy price: $1.00

## WEEKLY DIGEST

### COUNTY



Supervisors reflect on Tom Crosby's service to Veterans Affairs
**PAGE 2**



State, federal primaries set for June 3
**PAGE 2**

### AMANA



# GUILTY PLEA

## ● Ex-Iowa County supervisor, treasurer pleads guilty to first-degree theft in stealing $62,000-plus in funds from county from 2006-2010

**By BRIAN RATHJEN**
Pioneer-Republican editor

A former Iowa County official, charged in January in connection with the theft of more than $60,000 during a four-year period when she served as treasurer, has entered a guilty plea.

Kimberly J. Tanke, 53, of Williamsburg, entered her plea to first-degree theft during her arraignment Monday, March 10, in Iowa County District Court, Marengo. Judge Douglas S. Rus-sell accepted the plea.

Sentencing is set for 10 a.m. Monday, April 28, at the Iowa County Courthouse.

The complaint, filed in Iowa County District Court, indicated



**KIM TANKE**

that during the calendar years of 2006 to 2010, Tanke diverted $62,397 of cash receipts to her own personal use, while she served as Iowa County Treasurer. She later admitted the theft to the current Iowa County Auditor and was responsible for the missing funds.

Tanke had served as Iowa County Treasurer from July 16, 1999, until July 2010, at which time she stepped down to run for Iowa County Supervisor. She was elected supervisor in November 2010 and had most re-cently been the vice chairman of the board until resigning Jan. 20, citing personal reasons. Prior to her election as treasurer, Tanke worked as a clerk in the auditor's office starting in January 1995. She also worked as a clerk in between the time she resigned as treasurer and her election as supervisor.

A conviction on first-degree theft charges is punishable by a prison term of up to 10 years and a potential fine of $1,000 to

See TANKE, page 7



MARENGO CITY COUNCIL

UNITED STATES COURT OF INTERNATIONAL TRADE

-------------------------------------------X

A People hereinafter identified    :
Merle Richard Schmidt,         :

                                  :

        Plaintiff,           :

                                  :

          v.             :     CIVIL ACTION

                                  :

THE UNITED STATES,       :
IOWA COUNTY,              :     No. _____
LEWIS McMEEN,           :
KIMBERLY TANKE,        :
THOMAS BUCHANAN      :
ROBERT LEINEN           :
KANDYCE SMOLIK,        :
DAVID SEABA,             :
SUELLEN SEABA,          :
DONALD JONES,           :
GOLDEN GRAIN ENTERPRISES,  :
TRAVELERS INSURANCE and   :
ALLIED INSURANCE        :

                                  :

        Defendants.        :

-------------------------------------------X

## **COMPLAINT**

Plaintiff is one of the people of Iowa and in this Court of record states and alleges:

### **CAUSE OF ACTION**

1. The United States Farm Service Agency acted under color of law and

statute of the United States to provide for revenue from imports of property in land.

2. Plaintiff has sustained injury while defendants have no just powers.

3. An "enterprise" as defined in Iowa Code Section 706A.1 subsection 2 and

in 18 U.S.C. § 1961 (4) has been in operation in Iowa County, Iowa.

4. Defendant Kimberly Tanke did plead guilty to first degree theft on or about March 11, 2014 for taking funds from the Iowa County Treasury.

5. This civil action is commenced to restrict and restrain operations of open-ended continuity in violation of 18 U.S.C. § 1962 and to recover threefold damages.

6. This action arises from unlawful conversion and importing of property into the venue of the United States from the venue of the country Iowa.

7. Defendants have executed fanciful and arbitrary force in kidnapping and extortion under color of law, statute, ordinance, regulation or custom while making property available to a member of a criminal network in violation of Iowa Code Section 706A.2, subsection 2 f.

## DIFFERENT VENUES

8. The freely associated compact states are countries.

9. Iowa is a country organized in 1846.

10. The common law has always been in force in Iowa.

11. The United States is a foreign corporation with respect to Iowa.

12. There is no federal general common law.

13. The 1857 "State" that is "of Iowa" is part of the United States.

14. There is no general common law in the venue of the 1857 State of Iowa.

15. Events giving rise to this action involve unlawful invasion of the venue of

Iowa by insurgent defendants who are within the venue of the United States.

16.  Commerce by defendants has extended between the venue of the State of Iowa and the venue of the State of Nebraska and did involve United States mail.

## JURISDICTION

17.  This Court has subject matter jurisdiction decreed in 28 U.S.C. § 1581(i)(1) and also has jurisdiction to exercise powers in law and equity pursuant to 18 U.S.C. § 1964 combined with 28 U.S.C. § 1585.

## STANDING

18.  Plaintiff has standing to decree that his appellation as a people is Merle Richard Schmidt and that he is not corporate entity nor corporate franchisee.

19.  Plaintiff has standing to demand that statutes be fully enforced against the persons named as defendants and invokes this Court's Rule 17 (a) (1) (E).

## PLAINTIFF'S DECREE OF LAW TO THE DEFENDANTS

20.  Every man is entitled to be free from the mischief of others.

21.  Unwarranted impairment of the "obligation of contracts" constitutes mischief and is prohibited by Article I, Section 10 of the Constitution for the United States of America, hereinafter "the Constitution."

22.  Patents for land express "obligation of contracts."

## PARTIES

23.  Plaintiff was a people with all unalienable rights retained in the venue of

Iowa, born upon land identified as the Southeast Quarter of the Southwest Quarter of Section 28, Township 79 North of Range 12 West of the 5th Principal Meridian.

24.  Plaintiff was under obligation of contract to perform as trustee of River Valley Family Trust.

25.  All defendants were within the venue of the United States and subject to the jurisdiction of the United States Code, and named as follows:

26.  "The United States" is a foreign corporation with respect to Iowa and includes, but not limited to, the Farm Service Agency and the U. S. District Courts.

27.  "Iowa County" is a corporate instrumentality of the enterprise U.S. State that is of Iowa as defined in 18 U.S.C. § 1961 (2), and did conduct interstate commerce between the State of Iowa and the State of Nebraska.

28.  "Iowa County" includes the said instrumentality with every Sheriff, Deputy Sheriff, County Attorney, Assistant County Attorney, Treasurer, and County Supervisor of Iowa County conducting business in his or her official capacity.

29.  "Lewis McMeen" was a U.S. citizen residing in the State of Iowa and is sued in his individual capacity for acts he conducted as Iowa County Attorney.

30.  "Kimberly Tanke" was a U.S. citizen residing in the State of Iowa and is sued in her individual capacity for acts conducted as Treasurer of Iowa County.

31.  "Thomas Buchanan" was a U.S. citizen residing in the State of Iowa and is sued in his individual capacity for acts as the State's magistrate in Iowa County.

-4-

32. "Robert Leinen" was a U.S. citizen residing in the State of Iowa and is sued in his individual capacity for acts as the State's magistrate in Iowa County.

33. "Kandyce Smolik" was a U.S. citizen residing in the State of Iowa and is sued in her individual capacity for acts as the State's magistrate in Iowa County.

34. "David Seaba" was a U.S. citizen residing in the State of Iowa who deals in commercial real estate for pecuniary gains and is sued in his individual capacity.

35. "Suellen Seaba" was a U.S. citizen residing in the State of Iowa and wife of David Seaba and is sued in her individual capacity.

36. "Donald Jones" was a U.S. citizen residing in the State of Iowa who was a farmer acting in concert with David Seaba and is sued in his individual capacity.

37. "Golden Grain Enterprises" holds substantial interests in farm land and did accept color of title to land from David and Suellen Seaba that did flow in interstate commerce between State of Iowa and State of Nebraska.

38. "Travelers Insurance" did provide public official bonds that guarantee that State public officials would faithfully perform duties of his or her office.

39. "Allied Insurance" did provide public official bonds that guarantee that public officials of Iowa County would faithfully perform duties of his or her office.

## FIRST SET OF FACTS

40. Title in fact and in law to all land in Iowa emanates from the Treaty of Cession signed in Paris, France on April 30, 1803.

41. Non-derivative color of title created by any defendant within the venue of the United States is not title in fact or in law.

42. Every non-derivative color of title created by a defendant respecting the close of River Valley Family Trust is sold caveat emptor.

43. A United States patent for land is highest evidence of title and is conclusive as against the government and all claiming under junior patents or titles.

44. Highest evidence of title is vested in River Valley Family Trust respecting all land identified in the trust's Abstract of title.

45. River Valley Family Trust is not organized under some statute, nor does it derive from that source some quality or benefit not existing at the common law.

46. No defendant is in privity with a common or paramount source of title with respect to derivative title in fact and in law held by River Valley Family Trust.

47. Plaintiff was under obligation of contract as trustee of the express, un-incorporated, irrevocable, inter vivos River Valley Family Trust, hereafter the trust.

48. No defendant has held title in fact or in law to land described in Abstract.

## SECOND SET OF FACTS

49. Norther Border Pipeline Company, hereinafter "Northern Border," wished to obtain an easement for construction of an interstate natural gas pipeline through the close of the trust.

50. Northern Border was fully informed that the trustees of the trust agreed

with the initial offer by Northern Border except that Northern Border would have to

convert their check to lawful money of the venue Iowa "gold or silver coin" and pay

for the easement in law pursuant to Article I, Section 10 of the Constitution.

51. Northern Border did enter upon the proposed easement under that

stipulation and did survey work and did set stakes.

52. Northern Border did then refuse to convert their check to lawful money

and did refuse to pay for the easement in law.

53. Northern Border then petitioned eminent domain proceedings.

54. The Compensation Commission in eminent domain was put on Notice

though peculiar in nature, eminent domain is deemed a suit at the common law and

that their award would have to be denominated in lawful money gold or silver coin.

55. The Compensation Commission executed its judgment for less than one

third of the original check offered by Northern Border.

56. Trustees of the trust were satisfied with judgment in lawful money.

57. Northern Border then submitted their commercial statutory check to the

Iowa County Sheriff to discharge their obligation without paying their debt at law.

58. Northern Border's check was deposited in the Iowa County Treasury.

59. Iowa County was informed that it accepted liability accordingly.

60. Demand for payment of lawful money from Iowa County was executed.

61. Iowa County refused to turn over lawful money to the trust.

62. Iowa County Deputy Sheriff arrested this plaintiff on the close of the trust that was the subject of easement for declaring that Northern Border had never paid for the easement in law.

63. Iowa County and officers of the 1857 State of Iowa did act in concert to wilfully violate the "gold and silver coin" clause in treason to the Constitution.

64. There being no access to law within the venue of the U.S. State of Iowa, it was subsequently demanded that Iowa County at least turn over the statutory U.S. funds that Northern Border had submitted that were not lawful money of Iowa.

65. The Iowa County Treasurer indicated that upon order of the Iowa County Supervisors the U.S. funds from Northern Border should be turned over.

66. Iowa County Attorney Lewis McMeen told the Iowa County Supervisors "sit on it" regarding funds for eminent domain.

67. Iowa County did execute wrongful conversion of the eminent domain funds under direction of Lewis McMeen.

### THIRD SET OF FACTS

68. Facts are conclusively presumed in "NOTICE WITH OPPORTUNITY TO RESPOND," copy of said facts are attached hereto as EXHIBIT 1.

69. Kimberly Tanke did on behalf of Iowa County conduct interstate commerce with Adair Holdings, L.L.C. functioning in the State of Nebraska.

70. A felony complaint did emanate from interstate commerce conducted by

Kimberly Tanke.

71.  On the afternoon of November 1, 2007 Donald Jones and David Seaba

did act in concert to harvest and remove corn from the NW 1/4 of the NW 1/4 of

Section 33, Township 79 North of Range 12 West of the 5th Principal Meridian not

planted, financed, nor husbanded by them, but in fact husbanded by this plaintiff.

72.  Magistrate Robert Leinen and the Iowa County Attorney's office did act

in concert to protect Kimberly Tanke from felony prosecution.

73.  U.C.C. landlord liens were executed and filed with Secretary of State for

the specific purpose of explicit reservation of rights in law.

74.  At the Brooklyn Elevator in Poweshiek County, Iowa David and Suellen

Seaba did sell grain under recorded landlord lien receiving $21,597.95.

75.  Criminal complaint was sent to the Clerk of the State's Court in

Poweshiek County.

76. Michael Mahaffey was personal attorney for David and Suellen Seaba

while Michael Mahaffey also served the enterprise State of Iowa as Poweshiek

County Attorney.

77.  The said criminal complaint was abrogated by the enterprise State

accordingly.

## FOURTH SET OF FACTS

78.  In January of 2014, Iowa County Sheriff Rob Rotter and the Iowa

Department of Criminal Investigation did work in concert to investigate first degree theft of funds belonging to Iowa County.

79. The investigation was beyond the scope of protection by Lewis McMeen.

80. On January 29, 2014 Kimberly Tanke was charged with the crime of first degree theft of $62,397.

81. On or about March 11, 2014 Tanke did plead guilty to first degree theft.

82. The enterprise State of Iowa has agreed to recommend a suspended sentence for the theft of the said $62,397 by Kimberly Tanke.

83. Kimberly Tanke is to be sentenced in the 1857 State's IOWA DISTRICT COURT IN AND FOR IOWA COUNTY on April 28, 2014.

## COUNT I

84. The allegations of paragraphs 1 through 83 are restated and incorporated herein by reference as though fully set forth herein.

85. Iowa County Attorney Lewis McMeen and the Iowa County Board of Supervisors acting in concert to keep proceeds from eminent domain, and Iowa County making property available to a member of a criminal network, makes Iowa County a "person" capable of forming criminal intent in wrongful conversion.

86. Iowa County did accept liability in lawful money for eminent domain when Iowa County accepted the statutory check from Northern Border in lieu of lawful money under Article I, Section 10 of the Constitution.

-10-

87. Iowa County has caused damages to property in lawful money gold or silver coin denominated in face value Two Thousand Five Hundred Dollars as was established by the Compensation Commission in common law eminent domain.

88. In good faith Iowa County was given the opportunity to settle the matter with legal tender that is not lawful money but in bad faith Iowa County refused to settle and did choose conversion; Threefold the original damages amounts to property in Seven Thousand Five Hundred Dollars face value of gold or silver coin.

## COUNT II

89. The allegations of paragraphs 1 through 88 are restated and incorporated herein by reference as though fully set forth herein.

90. In taking of private property without just compensation, plaintiff was kidnapped by Iowa County Deputy Sheriff under color of law, statute, ordinance, regulation or custom in violation of, and in treason to, the Constitution.

## COUNT III

91. The allegations of paragraphs 1 through 90 are restated and incorporated herein by reference as though fully set forth herein.

92. The Iowa County Treasurer's office is a "public office."

93. Kimberly Tanke did conceal or remove a paper or document filed or deposited in the office of the Iowa County Treasurer in violation of defendants' 18 U.S.C. § 2071 conducting commerce between State of Iowa and State of Nebraska.

94.  In violation of 18 U.S.C. § 2071 Kimberly Tanke did create color of title by virtue of a tax deed relating to the NW 1/4 of the NW 1/4 of Section 33, Township 79 North of Range 12 West of the 5th Principal Meridian.

95.  The United States District Court is not a true United States court established under article 3 of the Constitution to administer the judicial powers of the United States therein conveyed. It is created in virtue of the sovereign congressional faculty, granted under article 4, §3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court.

96.  The territorial "United States District Court" has acted in concert with others to sustain crimes for revenue purposes and has refused plaintiff's good faith demand for racketeering investigator under 18 U.S.C. § 1961(7).

97.  Lewis McMeen and Thomas Buchanan are subject to 18 U.S.C. § 241.

98.  Lewis McMeen and Thomas Buchanan did in violation of their Iowa Code Section 602.10113 act in concert to protect Kimberly Tanke from prosecution and to deceive and cause this plaintiff to be kidnapped and subjected to extortion under color of law, statute, ordinance, regulation or custom.

99.  The Farm Service Agency has sustained the acts of Kimberly Tanke in

allegedly dividing the close of River Valley Family Trust within the venue of the United States while in want of just powers.

100. At no time did defendants derive just powers from consent.

101. No defendant has standing in equity to make claims adverse to title in fact and in law to land held by River Valley Family Trust while River Valley Family Trust does not enjoy the benefits of citizenship.

102. In abuse of power Lewis McMeen, Thomas Buchanan and the Iowa County Sheriff did act in concert to make property available to a member of a criminal network in violation of their Iowa Code 706A.2, subsection 2 f.

103. Plaintiff is entitled to treble damages from Lewis McMeen, Thomas Buchanan and Iowa County acting in concert for said kidnapping and extortion..

## COUNT IV

104. The allegations of paragraphs 1 through 103 are restated and incorporated herein by reference as though fully set forth herein.

105. On May 23, 2011, Iowa County demanded that this plaintiff pay $200 to Iowa County in jail fees for plaintiff's kidnapping under color of law, statute, ordinance, regulation or custom while it was indicated that Lewis McMeen would initiate further court proceedings against this plaintiff if not paid.

106. On May 23, 2011, plaintiff did as demanded by tendering $200 to the Iowa County jail administrator with explicit reservation of rights and with the

stipulation that the $200 would be added to a civil R.I.C.O. action.

107.  On May 23, 2011, Iowa County accepted the $200 accordingly.

108.  Plaintiff now performs upon the agreement for threefold the damages.

## COUNT V

109.  The allegations of paragraphs 1 through 108 are restated and incorporated herein by reference as though fully set forth herein.

110.  At or about 8:58 a.m. on Sunday, October 7, 2012, plaintiff's grand-daughters were terrorized when this plaintiff had the church door pushed shut in front of him while taking his two little grand-daughters to church and was kidnapped from church property under color of law, statute, ordinance, regulation or custom by an Iowa County Deputy Sheriff.

111.  On Monday, October 8, 2012 this incarcerated plaintiff was compelled to the booking area of the Iowa County jail for an "alleged" judicial court proceedings conducted by Kandyce Smolik.

112.  On October 8, 2012, Kandyce Smolik refused to allow this plaintiff to swear in to give testimony to prove Smolik's want of jurisdiction, and Smolik did then acknowledge to this plaintiff that she knew she was proceeding without deriving just powers from the consent of the governed.

113.  On October 8, 2012, Kandyce Smolik ordered MERLE RICHARD SCHMIDT held until trial the following year, unless $600 bond was posted.

114.  On the 22nd day of October 2012 Mike Roberts did post $600 bond for the release of this plaintiff from the Iowa County jail.

115.  There is no presumption in favor of the jurisdiction of inferior magistrates or tribunals exercising judicial functions; mere exercise of jurisdiction by such court does not raise a presumption of the existence of the requisite jurisdictional facts.

116.  Upon release from jail, this plaintiff filed a document with the Iowa County Clerk putting Kandyce Smolik on Notice that the $600 bond was consideration upon the contract she accepted and that each day the bond was pending was construed as another day respecting her liability for $25,000 per day, subject to her statement of claim and proof of claim to the contrary, and to which Smolik made no reply.

117.  On the 18th day of May 2013, criminal complaint was executed against Kandyce Smolik, Robert Leinen, and Lewis McMeen for acting in concert in violation of 18 U.S.C. 1962.

118.  The criminal complaint executed on May 18, 2013 was mailed to James E. Gritzner, Chief Judge, U.S. District Court, Southern District of Iowa.

119.  On June 5, 2013, Judge Gritzner returned the complaint.

120.  The enterprise United States, by and through the United States Postal Service and the United States District Courts of both the Northern and Southern

Districts of Iowa, did protect racketeering activity.

121. On June 4, 2013, this plaintiff was in attendance at Kandyce Smolik's alleged court proceedings that had been subjected to non-statutory abatement to speak of want of jurisdiction and to protect the bonds posted by Mike Roberts.

122. On June 4, 2013 Kandyce Smolik was placed on notice by this plaintiff that the bonds were liened for explicit reservation of rights.

123. On June 4, 2013 this plaintiff did, in advancing challenge to jurisdiction ab initio, inform Smolik prior to her starting trial that this plaintiff stipulated to the facts and that there were no facts in controversy for any trial as jurisdiction was the issue.

124. Lewis McMeen and Robert Leinen did act in concert and the bonds posted by Mike Roberts were then taken for this plaintiff's alleged failure to attend Smolik's proceedings on June 4, 2013.

125. Kandyce Smolik, Robert Leinen and Lewis McMeen are not immune from personal liability for abuse of power executed in want of jurisdiction.

126. Because this plaintiff did ensure that Mike Roberts was not injured by racketeering activity in Iowa County, plaintiff is entitled to threefold the damages sustained in wrongful taking of the $600 in bond money amounting to $1,800.

## COUNT VI

127. The allegations of paragraphs 1 through 126 are restated and

-16-

incorporated herein by reference as though fully set forth herein.

128.  On October 17, 2013, David Seaba and Suellen Seaba did convey color of title fraudulently created by Kimberly Tanke through interstate commerce.

129.  David and Suellen Seaba did receive $550,000 from Golden Grain Enterprises while transferring the non-derivative color of title respecting the NW 1/4 of the NW 1/4 of Section 33, Township 79 North of Range 12 West of the 5th P.M.

130.  Golden Grain Enterprises, David Seaba and Suellen Seaba did all have access to the records of title in fact and in law in the Iowa County Recorder's office and did conspire in transfer of commercial color of title with intent that Golden Grain Enterprises take possession of the land with protection by Iowa County.

131.  Statutes in derogation of law to which Iowa Code Section 4.2 refers do not relate to River Valley Family Trust nor do they relate to this plaintiff.

132.  Plaintiff is entitled to threefold the damages sustained.

133.  Plaintiff will provide defendants and the Court copies of the abstract of title in fact and in law vested in River Valley Family Trust, minutes of testimony, and other evidence after all parties are served summons and complaint.

## PRAYER FOR DECLARATORY JUDGMENT

WHEREFORE, plaintiff respectfully demands judgment declaring that:

"A patent for land is the highest evidence of title and is conclusive as against the government and all claiming under junior patents or titles."

## REQUEST FOR RACKETEERING INVESTIGATOR

WHEREFORE, plaintiff respectfully requests that this Court instruct the Attorney General to designate an 18 U.S.C. 1961 (7) "Racketeering Investigator" to investigate for federal indictment of the defendants under 18 U.S.C. 1963 and to investigate such things as if Kimberly Tanke received a kick back for her fraud in executing a tax deed across State lines to a party in Nebraska, or whether Lewis McMeen or any other Iowa County official shared in proceeds resulting from the theft to which Kimberly Tanke has pled guilty.

## PRAYER FOR TREBLE DAMAGES

WHEREFORE, plaintiff respectfully demands judgment in plaintiff's favor:

(1)    Ordering that, for threefold the damages sustained and predicated upon eminent domain in common law of Iowa, within 90 days Iowa County, Lewis McMeen, and Iowa County's bond provider Allied Insurance under joint obligation provide Iowa County Sheriff Rob Rotter with $7,500 face value of lawful money gold or silver coin that has been minted by the U.S. mint with said lawful money as mandated by Article I, Section 10 of the Constitution thereafter delivered by Sheriff Rob Rotter to this plaintiff within 72 hours.

(2) Ordering that within 90 days David Seaba and Suellen Seaba pay plaintiff threefold the $21,597.95 received from the sale of grain under landlord lien in violation of their Iowa Code Section 570.9 amounting to $64,793.85.

(3) Judgment payable to this plaintiff and against the defendants United States, Iowa County, Lewis McMeen, Thomas Buchanan, Robert Leinen, Kandyce Smolik, Kimberly Tanke, David Seaba, Suellen Seaba, Donald Jones, Golden Grain Enterprises, Iowa County's bond provider Allied Insurance, and the State's bond provider Travelers Insurance for threefold the damages sustained in the amount of $32,750,688.60 in U.S. legal tender in defendants' venue.

(4) Granting plaintiff reasonable attorney fees and costs for this action and such other and further relief as this Court deems just.

## VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted by the
plaintiff whose appellation is:



Executed: June _13_, 2014

Merle Richard Schmidt (rex)
Merle Richard Schmidt
General Delivery
Deep River Post Office
Deep River, Iowa

*EXHIBIT 1*

# NOTICE WITH OPPORTUNITY TO RESPOND

DATE:          October 8, 2007

TO:            Lewis C. McMeen
               P.O. Box 267
               Marengo, Iowa 52301

**CERTIFIED MAIL 7004 1350 0005 1672 4784**

*EXHIBIT 1*

Dear Mr. McMeen:

      If you so desire, you may construe this communique as a Private Letter Rogatory.  As shown below, Merle Richard Schmidt has verified the 21 presumptions stated on pages 2 through 4.

      In accordance with your right to have notice and opportunity to respond, you now have ten (10) days from receipt to submit to me your verified rebuttal to each of these sworn presumptions set forth on pages 2 through 4.  Your rebuttal to these sworn presumptions shall be subscribed and sworn to under personal penalty of perjury before a notary public.

      Mail your sworn rebuttal to:

            Paul Kramer
            804 4th Avenue
            Cascade, Iowa 52033

                      Sincerely,

                      _____

                      Paul Kramer,
                      Notary Public
                      804 4th Avenue
                      Cascade, Iowa 52033

STATE OF IOWA     )
                 )    ss.        Affidavit
COUNTY OF IOWA  )

      I, Merle Richard Schmidt, declare under penalty of perjury that each of the following presumptions numbered 1 through 21 are the truth, the whole truth, and nothing but the truth, to the very best of my knowledge and belief.

                      _____
                        Merle Richard Schmidt

Signed and sworn before me the undersigned Notary Public on this _____ day of October 2007.

                      _____
                        Notary Public

**PRESUMPTION NO. 1:**
At or about 10:05 A.M. on December 11, 2002, approximately half way between the Clerk of Court's office and the court room in the Iowa County Courthouse, Iowa County Attorney Lewis McMeen declared to Merle Richard Schmidt in a very angry tone of voice, "*You're going to learn not to mess with the County Attorney.*"

**PRESUMPTION NO. 2:**
At or about 3:37 P.M. on June 30, 2003, while upon the SW1/4 of the SW1/4 of Section 29, Twp. 79N, Range 12 West of the 5th Principal Meridian, the Iowa County Sheriff did inform Merle Richard Schmidt that County officers "*HAVE TO*" do whatever Lewis McMeen tells them to do.

**PRESUMPTION NO. 3:**
After receiving communications from Adair Holdings, L.L.C., the Treasurer of Iowa County, Iowa did from December of 2006 to March 12 of 2007, conceal in her personal possession an affidavit respecting soil described as the NW1/4 of the NW1/4 of Section 33, Township 79N, Range 12W, of the 5th P.M.

**PRESUMPTION NO. 4:**
Predicated upon the affidavit that was concealed by Treasurer Kim Tanke, on March 12, 2007, Treasurer Kim Tanke did issue a tax deed to Adair Holdings, L.L.C. for the NW1/4, NW1/4, Section 33, Township 79N, Range 12W, of the 5th P.M.

**PRESUMPTION NO. 5:**
When requested, Iowa County Sheriff Nick Roggentien refused to do any criminal investigation respecting the affidavit concealed by the Iowa County Treasurer.

**PRESUMPTION NO. 6:**
On March 23, 2007, "*Affidavit of Fraud in Tax Deed*" was recorded in the Iowa County Recorder's Book 813, Page 1-2.

**PRESUMPTION NO. 7:**
Sheriff Nick Roggentien received a copy of "*Affidavit of Fraud in Tax Deed*" recorded in the Iowa County Recorder's Book 813, Page 1-2 and the Sheriff gave a copy to Jerry Denzler.

**PRESUMPTION NO. 8:**

At or about 4:38 P.M. on April 19, 2007 Jerry Denzler had a copy of the "*Affidavit of Fraud in Tax Deed*" in his possession and made it known that he was agent for Adair Holdings.

**PRESUMPTION NO. 9:**

No termination of tenancy notice was ever given respecting the NW1/4, NW1/4, Sec. 33, Twp. 79N, R12W of the 5th P.M. as is required by Iowa Code Section 562.7.

**PRESUMPTION NO. 10:**

No forcible entry or detainer action was filed respecting the NW1/4, NW1/4, Sec. 33, Twp. 79N, R12W of the 5th P.M..

**PRESUMPTION NO. 11:**

Crops were lawfully planted, financed, and husbanded upon the NW1/4, NW1/4, Sec. 33, Twp. 79N, R12W of the 5th P.M. in 2007 as had been done in preceding years.

**PRESUMPTION NO. 12:**

A sworn Class C felony complaint for alteration of public records respecting the NW1/4, NW1/4, Sec. 33, Twp. 79N, R12W of the 5th P.M. was then filed with the Iowa County Clerk of District Court at 1:41 P.M. on May 29, 2007.

**PRESUMPTION NO. 13:**

Attorney Lewis McMeen received a copy of the sworn criminal complaint against Iowa County Treasurer Kim Tanke on June 8, 2007 by Certified U.S. Mail No. 7004 1350 0005 1672 4951.

**PRESUMPTION NO. 14:**

Magistrate Thomas Buchanan received a copy of the sworn criminal complaint against Kim Tanke on July 23, 2007 by Certified U.S. Mail No. 7004 1350 0005 1672 5002.

**PRESUMPTION NO. 15:**

Both Magistrate Thomas Buchanan and Attorney Lewis McMeen shielded Iowa County Treasurer Kim Tanke from lawful investigation by the Iowa County Grand Jury.

**PRESUMPTION NO. 16:**

While shielding Treasurer Kim Tanke from possible indictment by Grand Jury, on July 30, 2007, Buchanan sentenced Merle Richard Schmidt to **JAIL** for an alleged trespass for tending the crops growing upon the NW1/4, NW1/4, Sec. 33, Twp. 79N, R12W of the 5th P.M.

**PRESUMPTION NO. 17:**

On July 30, 2007, Deane Walocha, attorney for Adair Holdings, L.L.C., mailed notice by Certified Mail No. 7006 0810 5901 7513, to wit: "Adair Holdings, L.L.C. has elected to terminate your tenancy ... ".  "This termination will be effective March 1, 2008." "On or before March 1, 2008, you should remove from the premises, any and all personal property belonging to you."

**PRESUMPTION NO. 18:**

On or about August 1, 2007, Officials of Iowa County, Iowa were made aware of Deane Walocha's Notice for Merle Richard Schmidt to have property removed from the NW1/4, NW1/4, Sec. 33, Twp. 79N, R12W of the 5th P.M. by March 1, 2008.

**PRESUMPTION NO. 19:**

After learning that Merle Richard Schmidt was already incarcerated for trespass upon the NW14, NW14, Sec. 33, Twp. 79N, R12W of the 5th P.M., on August 7, 2007, Deane Walocha mailed notice by Certified Mail No. 7006 0810 0005 6007 7759 to disregard the termination of tenancy letter mailed on July 30, 2007.

**PRESUMPTION NO. 20:**

Lewis McMeen, Nick Roggentien, Jerry Denzler, Tod Sauerbrei, David F. Seaba, Thomas Buchanan, Adair Holdings, L.L.C., and Deana Walocha have acted in concert, under color of law, to convert growing crops not husbanded nor financed by them.

**PRESUMPTION NO. 21:**

Two Certified letters from the attorney for Adair Holdings, L.L.C., constitute evidence that on or before the 8th day of August, in the year of our Lord Two Thousand and Seven, in the County of Iowa and State of Iowa, Lewis McMeen, Nick Roggentien, Jerry Denzler, Tod Sauerbrei, David F. Seaba, Thomas Buchanan, Adair Holdings, L.L.C., and Deana Walocha did knowingly act in concert to take control of the crops growing upon the NW1/4, NW1/4, Sec. 33, Twp. 79N, R12W of 5th P.M. in 2007.

c/o 1640 Hwy 1
Fairfield, Iowa 52556

Exhibit B

Tina Potuto Kimble
d.b.a. Clerk of the United States Court of International
One Federal Plaza
New York, New York
10278-0001



USM
SDNY
CH

7011 1150 0000 2202 6237

1000
10278



## Notice to the Clerk of the United States Court of International Trade
## by Affidavit

**NOTICE TO:**     **Tina Potuto Kimble**
**d.b.a.: Clerk of the United States Court of International Trade**
**One Federal Plaza**
**New York, New York 10278-0001**

## NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL AND NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT

The undersigned Affiant, being over 21 years of age and of sound mind, states that each of the following statements are true and correct to the best of the Affiant's knowledge and belief.

The United States Code is binding upon the person performing duties as the Clerk of the United States Court of International Trade.

The United States Code states in 18 U.S.C. § 1964: "**(a)** the district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, . . ."

The United States Code states in 28 U.S.C. § 1585: "The Court of International Trade shall possess all the powers in law and equity of, or as conferred by statute upon, a district court of the United States."

The geographical jurisdiction of the United States Court of International Trade extends throughout the United States. The court can and does hear and decide cases which arise anywhere in the nation.

At 12;08 p.m. on June 17, 2014, Michael Gaffney signed a green card now in the possession of Notary Public Druyor Knight showing receipt of a package of documents. A part of that package was a United States Postal Money Order  in the amount of $400.00, a copy of which you are now provided upon receipt of this affidavit.  Other documents were enclosed with the Money Order.  One was a blue-backed document, a copy of the contents you are now provided upon receipt of this affidavit.  A tribunal of three people serving in capacity of Notary Public gave you "NOTICE OF INSTRUCTIONS TO ASSIGN CASE NUMBER AND FILE CIVIL ACTION."

On July 25, 2014, Notary Public Jerry Mercer phoned your office and requested the file number related to that blue-backed document. Your office refused to acknowledge ever receiving the documents for which Michael Gaffney signed the green card that was returned to Notary Public Druyor Knight.

Approximately three weeks later, Notary Public Druyor Allen Knight phoned your office and again your office refused to acknowledge receipt of the package for which the return receipt green card was in the possession of Notary Public Druyor Allen Knight.

I can see no reason to believe that you are not deliberately in violation of your 18 U.S.C. § 4, and deliberately in violation of 18 U.S.C. § 1962, subject to you filing the blue-backed document received by your office at 12:08 p.m. on June 17, 2014 assigning a file number accordingly.

You now have notice of Merle Richard Schmidt's intent to bring an appropriate suit against **Tina Potuto Kimble** as defendant for breach of fiduciary duty unless the blue-backed document received by Michael Gaffney on June 17, 2014 is filed and a civil action number assigned thereto within 14 days.

Further this affiant sayeth naught at this time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


__September 8, 2014__
Date

Merle Richard Schmidt "R."
General Delivery
Deep River Post Office
Deep River, Iowa


STATE OF IOWA          )
                       )  ss
COUNTY OF JEFFERSON    )


I, the undersigned Notary Public, certify that the man known to me as Merle Richard Schmidt did sign the foregoing before me on this 8th day of September 2014. I further certify that this document with numerous enclosures will be mailed to the Clerk of the United States Court of International Trade by Certified Mail No. 7011 1150 0000 2202 6237 on this 8th day of September 2014.

Notary Public in and for the State of Iowa



**UNITED STATES POSTAL SERVICE** ®

# CUSTOMER'S RECEIPT

| SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION | Pay to | KEEP THIS RECEIPT FOR YOUR RECORDS |
|---|---|---|
| **NOT NEGOTIABLE** | Address | |

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 21565101330 | 2014-03-26 | 501710 | $400.00 | 0002 |

**UNITED STATES POSTAL SERVICE** ·

## POSTAL MONEY ORDER

| Serial Number | Year, Month, Day | Post Office | U.S. Dollars and Cents |
|---|---|---|---|
| 21565101330 | 2014-03-26 | 501710 | $400.00 |

Amount    FOUR HUNDRED DOLLARS & 00¢    ********************

Pay to                                                                    Clerk
                                                                          0002

Address                              From

                                     Address

Memo

© 2008 United States Postal Service. All Rights Reserved.

SEE REVERSE WARNING • NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS

⑆000000800 2⑈        21565101330⑈

UNITED STATES COURT OF INTERNATIONAL TRADE

-------------------------------------------X

A People hereinafter identified          :
Merle Richard Schmidt,                   :
                                         :
                                         :
        Plaintiff,                       :
                                         :
                                         :
            v.                           :    CIVIL ACTION
                                         :
THE UNITED STATES,                       :
IOWA COUNTY,                             :    No. _____
LEWIS McMEEN,                            :
KIMBERLY TANKE,                          :
THOMAS BUCHANAN                          :
ROBERT LEINEN                            :
KANDYCE SMOLIK,                          :
DAVID SEABA,                             :
SUELLEN SEABA,                           :
DONALD JONES,                            :
GOLDEN GRAIN ENTERPRISES,                :
TRAVELERS INSURANCE and                  :
ALLIED INSURANCE                         :
                                         :
        Defendants.                      :
-------------------------------------------X


## NOTICE OF INSTRUCTIONS TO ASSIGN CASE NUMBER AND FILE CIVIL ACTION


Upon receipt of this document with enclosures, that is now intended

to be mailed by United States Certified Mail 7011 1150 0000 2202 6190, the

Clerk of the United States Court of International Trade has notice

accordingly.



Notary Public of the State of Iowa



Notary Public of the State of Iowa

Notary Public of the State of Iowa



UNITED STATES COURT OF INTERNATIONAL TRADE

-----------------------------------------------X

A People hereinafter identified          :
Merle Richard Schmidt,                   :
                                         :
        Plaintiff,                       :
                                         :
            v.                           :    CIVIL ACTION
                                         :
THE UNITED STATES,                       :
IOWA COUNTY,                             :    No. _____
LEWIS McMEEN,                            :
KIMBERLY TANKE,                          :
THOMAS BUCHANAN                          :
ROBERT LEINEN                            :
KANDYCE SMOLIK,                          :
DAVID SEABA,                             :
SUELLEN SEABA,                           :
DONALD JONES,                            :
GOLDEN GRAIN ENTERPRISES,                :
TRAVELERS INSURANCE and                  :
ALLIED INSURANCE                         :
                                         :
        Defendants.                      :
-----------------------------------------------X

## INSTRUCTIONS TO ASSIGN CASE NUMBER AND FILE CIVIL ACTION

The undersigned people of Iowa, in harmony with Amendment I of the Bill of

Rights, now petitions for redress of grievances as a matter secured by Amendment IX

and instructs the Clerk in the above-entitled cause to assign a case number and to file

this people's Complaint, a copy of which is attached hereto.  This people further states:

1.    "The sovereignty of the United States resides in the people, and Congress

      cannot invoke the sovereignty of the people to override their will as declared in

      the Constitution."

-1-

b. As codified in **28 U.S.C. §1585**, "The Court of International Trade shall possess all the powers in law and equity of, or as conferred by statute upon, a district court of the United States."

10.    All persons are placed on notice:  Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them.

**WHEREFORE,** the undersigned people mentioned in Amendment IX of the Bill of Rights instructs the Clerk of the Article III United States Court of International Trade to assign a case number to his Complaint and file said Complaint for adjudication pursuant to agreements that create law.

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SEAL



Executed: June __13__, 2014

Merle Richard Schmidt
General Delivery
Deep River Post Office
Deep River, Iowa

-3-

FSA-476DCP
(01-22-03)

U.S. Department of Agriculture
Farm Service Agency

**Notification of Bases, Payment Yields, and CRP Reductions After Reconstitution**

IOWA COUNTY FARM SERVICE AGENCY
435 N HIGHLAND
WILLIAMSBURG IA 52361-0000
(319)668-2010

05/24/2007

MERLE R SCHMIDT
2762 CC AVE
VICTOR IA 52347-0000

Year:       2007 - 2007
Farm No:    5533

THIS STATEMENT IS THE RESULT OF THE DIVISION OF PARENT FARM 4894 INTO NEW FARMS 5532 AND 5533

There are no base or potential base acres on this farm

This farm is the result of a division of farm number 4894.

A husband and wife may sign on behalf of each other unless written denial has been provided to the county office.

The final date to appeal this data is the appeal date listed below.

Operator:           MERLE R SCHMIDT
Owner:              RIVER VALLEY TRUST
Farm Identifier:
FAV/WR History:     N                                    **Final Date for Appeal:**    06/23/2007

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its program and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information ( Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of Discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, SW., Washington, DC 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

FILED

**IN THE IOWA DISTRICT COURT IN AND FOR IOWA COUNTY**

**STATE OF IOWA** 2007 MAY 29 PM 1:41     Before Magistrate _____ **Leinen** _____

**COUNTY OF IOWA** CHERYL NEAL     Criminal Number _____
CLERK OF DISTRICT COURT
vs.                                **Complaint and Affidavit**

<u>**Tanke, Kim    d.b.a Iowa County Treasurer**</u>

THE DEFENDANT is accused of the crime of alteration of public records, knowing the same to be false (because of fraud) in violation of Section 714.8, subsection 4, of the Iowa Criminal Code / 2007 (714.9 Class C felony) in that the Defendant on or about March 12, 2007, in Iowa County, did wilfully and knowingly subscribe her name upon a tax deed thereby changing the record title holder of land in Book 812, Pages 47-49 of the Iowa County Recorder's office at or about 9:27 AM on 3/13/2007, all while the Affidavit with pertinent redemption information had been concealed by Kim Tanke, and said redemption information was not accessible by her subordinates, nor accessible by the owner of the land.

Therefore, Complainant requests that, pursuant to Iowa Rule of Criminal Procedure 2.3 j., the Court convene the Iowa County Grand Jury to perform its special duty set forth in Iowa Rule of Criminal Procedure 2.3 j(3).

Complainant ___*Merle Richard Schmidt*___
Merle Richard Schmidt

---

**Affidavit**

STATE OF IOWA, County of _____ **Iowa** _____ ss:

I the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

On March 12, 2007 the Defendant Kim Tanke did subscribe her name upon a tax deed issued to Adair Holdings, L.L.C. respecting **the NW1/4 of the NW1/4 of Sec. 33, Twp. 79 North, Range 12 West of the 5th Principal Meridian.** The tax deed was thus recorded in Book 812, Pages 47-49 changing the public records at or about 9:27 AM on 3/13/2007 to show a new record title holder. Prior to execution of the tax deed, the Affidavit with redemption information was not accessible to employees working under Iowa County Treasurer Kim Tanke or to the owner of the land on December 11, 2006, nor on January 4, 2007, nor on March 5, 2007, nor on March 8, 2007. After the tax deed was issued on March 12, 2007 it was disclosed in the Iowa County Treasurer's office that the Affidavit with pertinent redemption information had been in Kim Tanke's personal possession.

The value of the land exceeds $10,000.

___*Lance Tod Schaefer*___
Lance Tod Schaefer

Subscribed and sworn to before me by Lance Tod Schaefer at rural Guernsey, Iowa this 29th day of May, 2007.

_____
Notary Public

RICH DANA
Commission Number 720113
My Commission Expires
1/3/07

# The PIONEER-REPUBLICAN
## of IOWA COUNTY

***********CAR-RT LOT**R201
8/19/2014
[21]

VICTOR IA 52347-8534

A GANNETT COMPANY

www.yourweeklypaper.com    Volume 157, Number 12    March 20, 2014    Single copy price: $1.00

## WEEKLY DIGEST

### COUNTY



Supervisors reflect on Tom Crosby's service to Veterans Affairs
**PAGE 2**



State, federal primaries set for June 3
**PAGE 2**

### AMANA



# GUILTY PLEA

## Ex-Iowa County supervisor, treasurer pleads guilty to first-degree theft in stealing $62,000-plus in funds from county from 2006-2010

**By BRIAN RATHJEN**
*Pioneer-Republican editor*

A former Iowa County official, charged in January in connection with the theft of more than $60,000 during a four-year period when she served as treasurer, has entered a guilty plea.

Kimberly J. Tanke, 53, of Williamsburg, entered her plea to first-degree theft during her arraignment Monday, March 10, in Iowa County District Court, Marengo. Judge Douglas S. Rus-sell accepted the plea.

Sentencing is set for 10 a.m. Monday, April 28, at the Iowa County Courthouse.



**KIM TANKE**

The complaint, filed in Iowa County District Court, indicated that during the calendar years of 2006 to 2010, Tanke diverted $62,397 of cash receipts to her own personal use, while she served as Iowa County Treasurer. She later admitted the theft to the current Iowa County Auditor and was responsible for the missing funds.

Tanke had served as Iowa County Treasurer from July 16, 1999, until July 2010, at which time she stepped down to run for Iowa County Supervisor. She was elected supervisor in November 2010 and had most re-cently been the vice chairman of the board until resigning Jan. 20, citing personal reasons. Prior to her election as treasurer, Tanke worked as a clerk in the auditor's office starting in January 1995. She also worked as a clerk in between the time she resigned as treasurer and her election as supervisor.

A conviction on first-degree theft charges is punishable by a prison term of up to 10 years and a potential fine of $1,000 to

*See TANKE, page 7*



## MARENGO CITY COUNCIL

UNITED STATES COURT OF INTERNATIONAL TRADE

-----------------------------------------------------

|  |  |
|---|---|
| A People hereinafter identified | : |
| Merle Richard Schmidt, | : |
|  | : |
| Plaintiff, | : |
|  | : |
| v. | : |
|  | : |
| THE UNITED STATES, | : |
| IOWA COUNTY, | : |
| LEWIS McMEEN, | : |
| KIMBERLY TANKE, | : |
| THOMAS BUCHANAN | : |
| ROBERT LEINEN | : |
| KANDYCE SMOLIK, | : |
| DAVID SEABA, | : |
| SUELLEN SEABA, | : |
| DONALD JONES, | : |
| GOLDEN GRAIN ENTERPRISES, | : |
| TRAVELERS INSURANCE and | : |
| ALLIED INSURANCE | : |
|  | : |
| Defendants. | : |

CIVIL ACTION

No. _____

-----------------------------------------------------X

## **COMPLAINT**

Plaintiff is one of the people of Iowa and in this Court of record states and alleges:

### **CAUSE OF ACTION**

1. The United States Farm Service Agency acted under color of law and

statute of the United States to provide for revenue from imports of property in land.

2. Plaintiff has sustained injury while defendants have no just powers.

3. An "enterprise" as defined in Iowa Code Section 706A.1 subsection 2 and

in 18 U.S.C. § 1961 (4) has been in operation in Iowa County, Iowa.

4. Defendant Kimberly Tanke did plead guilty to first degree theft on or about March 11, 2014 for taking funds from the Iowa County Treasury.

5. This civil action is commenced to restrict and restrain operations of open-ended continuity in violation of 18 U.S.C. § 1962 and to recover threefold damages.

6. This action arises from unlawful conversion and importing of property into the venue of the United States from the venue of the country Iowa.

7. Defendants have executed fanciful and arbitrary force in kidnapping and extortion under color of law, statute, ordinance, regulation or custom while making property available to a member of a criminal network in violation of Iowa Code Section 706A.2, subsection 2 f.

## DIFFERENT VENUES

8. The freely associated compact states are countries.

9. Iowa is a country organized in 1846.

10. The common law has always been in force in Iowa.

11. The United States is a foreign corporation with respect to Iowa.

12. There is no federal general common law.

13. The 1857 "State" that is "of Iowa" is part of the United States.

14. There is no general common law in the venue of the 1857 State of Iowa.

15. Events giving rise to this action involve unlawful invasion of the venue of

Iowa by insurgent defendants who are within the venue of the United States.

16. Commerce by defendants has extended between the venue of the State of Iowa and the venue of the State of Nebraska and did involve United States mail.

## JURISDICTION

17. This Court has subject matter jurisdiction decreed in 28 U.S.C. § 1581(i)(1) and also has jurisdiction to exercise powers in law and equity pursuant to 18 U.S.C. § 1964 combined with 28 U.S.C. § 1585.

## STANDING

18. Plaintiff has standing to decree that his appellation as a people is Merle Richard Schmidt and that he is not corporate entity nor corporate franchisee.

19. Plaintiff has standing to demand that statutes be fully enforced against the persons named as defendants and invokes this Court's Rule 17 (a) (1) (E).

## PLAINTIFF'S DECREE OF LAW TO THE DEFENDANTS

20. Every man is entitled to be free from the mischief of others.

21. Unwarranted impairment of the "obligation of contracts" constitutes mischief and is prohibited by Article I, Section 10 of the Constitution for the United States of America, hereinafter "the Constitution."

22. Patents for land express "obligation of contracts."

## PARTIES

23. Plaintiff was a people with all unalienable rights retained in the venue of

Iowa, born upon land identified as the Southeast Quarter of the Southwest Quarter of Section 28, Township 79 North of Range 12 West of the 5th Principal Meridian.

24. Plaintiff was under obligation of contract to perform as trustee of River Valley Family Trust.

25. All defendants were within the venue of the United States and subject to the jurisdiction of the United States Code, and named as follows:

26. "The United States" is a foreign corporation with respect to Iowa and includes, but not limited to, the Farm Service Agency and the U. S. District Courts.

27. "Iowa County" is a corporate instrumentality of the enterprise U.S. State that is of Iowa as defined in 18 U.S.C. § 1961 (2), and did conduct interstate commerce between the State of Iowa and the State of Nebraska.

28. "Iowa County" includes the said instrumentality with every Sheriff, Deputy Sheriff, County Attorney, Assistant County Attorney, Treasurer, and County Supervisor of Iowa County conducting business in his or her official capacity.

29. "Lewis McMeen" was a U.S. citizen residing in the State of Iowa and is sued in his individual capacity for acts he conducted as Iowa County Attorney.

30. "Kimberly Tanke" was a U.S. citizen residing in the State of Iowa and is sued in her individual capacity for acts conducted as Treasurer of Iowa County.

31. "Thomas Buchanan" was a U.S. citizen residing in the State of Iowa and is sued in his individual capacity for acts as the State's magistrate in Iowa County.

32. "Robert Leinen" was a U.S. citizen residing in the State of Iowa and is sued in his individual capacity for acts as the State's magistrate in Iowa County.

33. "Kandyce Smolik" was a U.S. citizen residing in the State of Iowa and is sued in her individual capacity for acts as the State's magistrate in Iowa County.

34. "David Seaba" was a U.S. citizen residing in the State of Iowa who deals in commercial real estate for pecuniary gains and is sued in his individual capacity.

35. "Suellen Seaba" was a U.S. citizen residing in the State of Iowa and wife of David Seaba and is sued in her individual capacity.

36. "Donald Jones" was a U.S. citizen residing in the State of Iowa who was a farmer acting in concert with David Seaba and is sued in his individual capacity.

37. "Golden Grain Enterprises" holds substantial interests in farm land and did accept color of title to land from David and Suellen Seaba that did flow in interstate commerce between State of Iowa and State of Nebraska.

38. "Travelers Insurance" did provide public official bonds that guarantee that State public officials would faithfully perform duties of his or her office.

39. "Allied Insurance" did provide public official bonds that guarantee that public officials of Iowa County would faithfully perform duties of his or her office.

## **FIRST SET OF FACTS**

40. Title in fact and in law to all land in Iowa emanates from the Treaty of Cession signed in Paris, France on April 30, 1803.

41. Non-derivative color of title created by any defendant within the venue of the United States is not title in fact or in law.

42. Every non-derivative color of title created by a defendant respecting the close of River Valley Family Trust is sold caveat emptor.

43. A United States patent for land is highest evidence of title and is conclusive as against the government and all claiming under junior patents or titles.

44. Highest evidence of title is vested in River Valley Family Trust respecting all land identified in the trust's Abstract of title.

45. River Valley Family Trust is not organized under some statute, nor does it derive from that source some quality or benefit not existing at the common law.

46. No defendant is in privity with a common or paramount source of title with respect to derivative title in fact and in law held by River Valley Family Trust.

47. Plaintiff was under obligation of contract as trustee of the express, un-incorporated, irrevocable, inter vivos River Valley Family Trust, hereafter the trust.

48. No defendant has held title in fact or in law to land described in Abstract.

## SECOND SET OF FACTS

49. Norther Border Pipeline Company, hereinafter "Northern Border," wished to obtain an easement for construction of an interstate natural gas pipeline through the close of the trust.

50. Northern Border was fully informed that the trustees of the trust agreed

with the initial offer by Northern Border except that Northern Border would have to

convert their check to lawful money of the venue Iowa "gold or silver coin" and pay

for the easement in law pursuant to Article I, Section 10 of the Constitution.

51. Northern Border did enter upon the proposed easement under that

stipulation and did survey work and did set stakes.

52. Northern Border did then refuse to convert their check to lawful money

and did refuse to pay for the easement in law.

53. Northern Border then petitioned eminent domain proceedings.

54. The Compensation Commission in eminent domain was put on Notice

though peculiar in nature, eminent domain is deemed a suit at the common law and

that their award would have to be denominated in lawful money gold or silver coin.

55. The Compensation Commission executed its judgment for less than one

third of the original check offered by Northern Border.

56. Trustees of the trust were satisfied with judgment in lawful money.

57. Northern Border then submitted their commercial statutory check to the

Iowa County Sheriff to discharge their obligation without paying their debt at law.

58. Northern Border's check was deposited in the Iowa County Treasury.

59. Iowa County was informed that it accepted liability accordingly.

60. Demand for payment of lawful money from Iowa County was executed.

61. Iowa County refused to turn over lawful money to the trust.

62. Iowa County Deputy Sheriff arrested this plaintiff on the close of the trust that was the subject of easement for declaring that Northern Border had never paid for the easement in law.

63. Iowa County and officers of the 1857 State of Iowa did act in concert to wilfully violate the "gold and silver coin" clause in treason to the Constitution.

64. There being no access to law within the venue of the U.S. State of Iowa, it was subsequently demanded that Iowa County at least turn over the statutory U.S. funds that Northern Border had submitted that were not lawful money of Iowa.

65. The Iowa County Treasurer indicated that upon order of the Iowa County Supervisors the U.S. funds from Northern Border should be turned over.

66. Iowa County Attorney Lewis McMeen told the Iowa County Supervisors "sit on it" regarding funds for eminent domain.

67. Iowa County did execute wrongful conversion of the eminent domain funds under direction of Lewis McMeen.

## THIRD SET OF FACTS

68. Facts are conclusively presumed in "NOTICE WITH OPPORTUNITY TO RESPOND," copy of said facts are attached hereto as EXHIBIT 1.

69. Kimberly Tanke did on behalf of Iowa County conduct interstate commerce with Adair Holdings, L.L.C. functioning in the State of Nebraska.

70. A felony complaint did emanate from interstate commerce conducted by

-8-

Kimberly Tanke.

71. On the afternoon of November 1, 2007 Donald Jones and David Seaba did act in concert to harvest and remove corn from the NW 1/4 of the NW 1/4 of Section 33, Township 79 North of Range 12 West of the 5th Principal Meridian not planted, financed, nor husbanded by them, but in fact husbanded by this plaintiff.

72. Magistrate Robert Leinen and the Iowa County Attorney's office did act in concert to protect Kimberly Tanke from felony prosecution.

73. U.C.C. landlord liens were executed and filed with Secretary of State for the specific purpose of explicit reservation of rights in law.

74. At the Brooklyn Elevator in Poweshiek County, Iowa David and Suellen Seaba did sell grain under recorded landlord lien receiving $21,597.95.

75. Criminal complaint was sent to the Clerk of the State's Court in Poweshiek County.

76. Michael Mahaffey was personal attorney for David and Suellen Seaba while Michael Mahaffey also served the enterprise State of Iowa as Poweshiek County Attorney.

77. The said criminal complaint was abrogated by the enterprise State accordingly.

### FOURTH SET OF FACTS

78. In January of 2014, Iowa County Sheriff Rob Rotter and the Iowa

Department of Criminal Investigation did work in concert to investigate first degree theft of funds belonging to Iowa County.

79. The investigation was beyond the scope of protection by Lewis McMeen.

80. On January 29, 2014 Kimberly Tanke was charged with the crime of first degree theft of $62,397.

81. On or about March 11, 2014 Tanke did plead guilty to first degree theft.

82. The enterprise State of Iowa has agreed to recommend a suspended sentence for the theft of the said $62,397 by Kimberly Tanke.

83. Kimberly Tanke is to be sentenced in the 1857 State's IOWA DISTRICT COURT IN AND FOR IOWA COUNTY on April 28, 2014.

### COUNT I

84. The allegations of paragraphs 1 through 83 are restated and incorporated herein by reference as though fully set forth herein.

85. Iowa County Attorney Lewis McMeen and the Iowa County Board of Supervisors acting in concert to keep proceeds from eminent domain, and Iowa County making property available to a member of a criminal network, makes Iowa County a "person" capable of forming criminal intent in wrongful conversion.

86. Iowa County did accept liability in lawful money for eminent domain when Iowa County accepted the statutory check from Northern Border in lieu of lawful money under Article I, Section 10 of the Constitution.

87. Iowa County has caused damages to property in lawful money gold or silver coin denominated in face value Two Thousand Five Hundred Dollars as was established by the Compensation Commission in common law eminent domain.

88. In good faith Iowa County was given the opportunity to settle the matter with legal tender that is not lawful money but in bad faith Iowa County refused to settle and did choose conversion; Threefold the original damages amounts to property in Seven Thousand Five Hundred Dollars face value of gold or silver coin.

## COUNT II

89. The allegations of paragraphs 1 through 88 are restated and incorporated herein by reference as though fully set forth herein.

90. In taking of private property without just compensation, plaintiff was kidnapped by Iowa County Deputy Sheriff under color of law, statute, ordinance, regulation or custom in violation of, and in treason to, the Constitution.

## COUNT III

91. The allegations of paragraphs 1 through 90 are restated and incorporated herein by reference as though fully set forth herein.

92. The Iowa County Treasurer's office is a "public office."

93. Kimberly Tanke did conceal or remove a paper or document filed or deposited in the office of the Iowa County Treasurer in violation of defendants' 18 U.S.C. § 2071 conducting commerce between State of Iowa and State of Nebraska.

94.  In violation of 18 U.S.C. § 2071 Kimberly Tanke did create color of title by virtue of a tax deed relating to the NW 1/4 of the NW 1/4 of Section 33, Township 79 North of Range 12 West of the 5th Principal Meridian.

95.  The United States District Court is not a true United States court established under article 3 of the Constitution to administer the judicial powers of the United States therein conveyed. It is created in virtue of the sovereign congressional faculty, granted under article 4, §3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court.

96.  The territorial "United States District Court" has acted in concert with others to sustain crimes for revenue purposes and has refused plaintiff's good faith demand for racketeering investigator under 18 U.S.C. § 1961(7).

97.  Lewis McMeen and Thomas Buchanan are subject to 18 U.S.C. § 241.

98.  Lewis McMeen and Thomas Buchanan did in violation of their Iowa Code Section 602.10113 act in concert to protect Kimberly Tanke from prosecution and to deceive and cause this plaintiff to be kidnapped and subjected to extortion under color of law, statute, ordinance, regulation or custom.

99.  The Farm Service Agency has sustained the acts of Kimberly Tanke in

allegedly dividing the close of River Valley Family Trust within the venue of the United States while in want of just powers.

100. At no time did defendants derive just powers from consent.

101. No defendant has standing in equity to make claims adverse to title in fact and in law to land held by River Valley Family Trust while River Valley Family Trust does not enjoy the benefits of citizenship.

102. In abuse of power Lewis McMeen, Thomas Buchanan and the Iowa County Sheriff did act in concert to make property available to a member of a criminal network in violation of their Iowa Code 706A.2, subsection 2 f.

103. Plaintiff is entitled to treble damages from Lewis McMeen, Thomas Buchanan and Iowa County acting in concert for said kidnapping and extortion..

### COUNT IV

104. The allegations of paragraphs 1 through 103 are restated and incorporated herein by reference as though fully set forth herein.

105. On May 23, 2011, Iowa County demanded that this plaintiff pay $200 to Iowa County in jail fees for plaintiff's kidnapping under color of law, statute, ordinance, regulation or custom while it was indicated that Lewis McMeen would initiate further court proceedings against this plaintiff if not paid.

106. On May 23, 2011, plaintiff did as demanded by tendering $200 to the Iowa County jail administrator with explicit reservation of rights and with the

-13-

stipulation that the $200 would be added to a civil R.I.C.O. action.

107. On May 23, 2011, Iowa County accepted the $200 accordingly.

108. Plaintiff now performs upon the agreement for threefold the damages.

## COUNT V

109. The allegations of paragraphs 1 through 108 are restated and incorporated herein by reference as though fully set forth herein.

110. At or about 8:58 a.m. on Sunday, October 7, 2012, plaintiff's grand-daughters were terrorized when this plaintiff had the church door pushed shut in front of him while taking his two little grand-daughters to church and was kidnapped from church property under color of law, statute, ordinance, regulation or custom by an Iowa County Deputy Sheriff.

111. On Monday, October 8, 2012 this incarcerated plaintiff was compelled to the booking area of the Iowa County jail for an "alleged" judicial court proceedings conducted by Kandyce Smolik.

112. On October 8, 2012, Kandyce Smolik refused to allow this plaintiff to swear in to give testimony to prove Smolik's want of jurisdiction, and Smolik did then acknowledge to this plaintiff that she knew she was proceeding without deriving just powers from the consent of the governed.

113. On October 8, 2012, Kandyce Smolik ordered MERLE RICHARD SCHMIDT held until trial the following year, unless $600 bond was posted.

-14-

114. On the 22nd day of October 2012 Mike Roberts did post $600 bond for the release of this plaintiff from the Iowa County jail.

115. There is no presumption in favor of the jurisdiction of inferior magistrates or tribunals exercising judicial functions; mere exercise of jurisdiction by such court does not raise a presumption of the existence of the requisite jurisdictional facts.

116. Upon release from jail, this plaintiff filed a document with the Iowa County Clerk putting Kandyce Smolik on Notice that the $600 bond was consideration upon the contract she accepted and that each day the bond was pending was construed as another day respecting her liability for $25,000 per day, subject to her statement of claim and proof of claim to the contrary, and to which Smolik made no reply.

117. On the 18th day of May 2013, criminal complaint was executed against Kandyce Smolik, Robert Leinen, and Lewis McMeen for acting in concert in violation of 18 U.S.C. 1962.

118. The criminal complaint executed on May 18, 2013 was mailed to James E. Gritzner, Chief Judge, U.S. District Court, Southern District of Iowa.

119. On June 5, 2013, Judge Gritzner returned the complaint.

120. The enterprise United States, by and through the United States Postal Service and the United States District Courts of both the Northern and Southern

-15-

Districts of Iowa, did protect racketeering activity.

121. On June 4, 2013, this plaintiff was in attendance at Kandyce Smolik's alleged court proceedings that had been subjected to non-statutory abatement to speak of want of jurisdiction and to protect the bonds posted by Mike Roberts.

122. On June 4, 2013 Kandyce Smolik was placed on notice by this plaintiff that the bonds were liened for explicit reservation of rights.

123. On June 4, 2013 this plaintiff did, in advancing challenge to jurisdiction ab initio, inform Smolik prior to her starting trial that this plaintiff stipulated to the facts and that there were no facts in controversy for any trial as jurisdiction was the issue.

124. Lewis McMeen and Robert Leinen did act in concert and the bonds posted by Mike Roberts were then taken for this plaintiff's alleged failure to attend Smolik's proceedings on June 4, 2013.

125. Kandyce Smolik, Robert Leinen and Lewis McMeen are not immune from personal liability for abuse of power executed in want of jurisdiction.

126. Because this plaintiff did ensure that Mike Roberts was not injured by racketeering activity in Iowa County, plaintiff is entitled to threefold the damages sustained in wrongful taking of the $600 in bond money amounting to $1,800.

## COUNT VI

127. The allegations of paragraphs 1 through 126 are restated and

-16-

incorporated herein by reference as though fully set forth herein.

128.  On October 17, 2013, David Seaba and Suellen Seaba did convey color of title fraudulently created by Kimberly Tanke through interstate commerce.

129.  David and Suellen Seaba did receive $550,000 from Golden Grain Enterprises while transferring the non-derivative color of title respecting the NW 1/4 of the NW 1/4 of Section 33, Township 79 North of Range 12 West of the 5th P.M.

130.  Golden Grain Enterprises, David Seaba and Suellen Seaba did all have access to the records of title in fact and in law in the Iowa County Recorder's office and did conspire in transfer of commercial color of title with intent that Golden Grain Enterprises take possession of the land with protection by Iowa County.

131.  Statutes in derogation of law to which Iowa Code Section 4.2 refers do not relate to River Valley Family Trust nor do they relate to this plaintiff.

132.  Plaintiff is entitled to threefold the damages sustained.

133.  Plaintiff will provide defendants and the Court copies of the abstract of title in fact and in law vested in River Valley Family Trust, minutes of testimony, and other evidence after all parties are served summons and complaint.

## **PRAYER FOR DECLARATORY JUDGMENT**

WHEREFORE, plaintiff respectfully demands judgment declaring that:

"A patent for land is the highest evidence of title and is conclusive as against the government and all claiming under junior patents or titles."

-17-

## REQUEST FOR RACKETEERING INVESTIGATOR

WHEREFORE, plaintiff respectfully requests that this Court instruct the Attorney General to designate an 18 U.S.C. 1961 (7) "Racketeering Investigator" to investigate for federal indictment of the defendants under 18 U.S.C. 1963 and to investigate such things as if Kimberly Tanke received a kick back for her fraud in executing a tax deed across State lines to a party in Nebraska, or whether Lewis McMeen or any other Iowa County official shared in proceeds resulting from the theft to which Kimberly Tanke has pled guilty.

## PRAYER FOR TREBLE DAMAGES

WHEREFORE, plaintiff respectfully demands judgment in plaintiff's favor:

(1)   Ordering that, for threefold the damages sustained and predicated upon eminent domain in common law of Iowa, within 90 days Iowa County, Lewis McMeen, and Iowa County's bond provider Allied Insurance under joint obligation provide Iowa County Sheriff Rob Rotter with $7,500 face value of lawful money gold or silver coin that has been minted by the U.S. mint with said lawful money as mandated by Article I, Section 10 of the Constitution thereafter delivered by Sheriff Rob Rotter to this plaintiff within 72 hours.

(2) Ordering that within 90 days David Seaba and Suellen Seaba pay plaintiff threefold the $21,597.95 received from the sale of grain under landlord lien in violation of their Iowa Code Section 570.9 amounting to $64,793.85.

(3) Judgment payable to this plaintiff and against the defendants United States, Iowa County, Lewis McMeen, Thomas Buchanan, Robert Leinen, Kandyce Smolik, Kimberly Tanke, David Seaba, Suellen Seaba, Donald Jones, Golden Grain Enterprises, Iowa County's bond provider Allied Insurance, and the State's bond provider Travelers Insurance for threefold the damages sustained in the amount of $32,750,688.60 in U.S. legal tender in defendants' venue.

(4) Granting plaintiff reasonable attorney fees and costs for this action and such other and further relief as this Court deems just.

## VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted by the plaintiff whose appellation is:



Executed: June *13*, 2014

Merle Richard Schmidt (rex)
Merle Richard Schmidt
General Delivery
Deep River Post Office
Deep River, Iowa

*EXHIBIT 1*

# NOTICE WITH OPPORTUNITY TO RESPOND

DATE:      October 8, 2007

TO:         Lewis C. McMeen
            P.O. Box 267
            Marengo, Iowa 52301

**CERTIFIED MAIL 7004 1350 0005 1672 4784**

Dear Mr. McMeen:

If you so desire, you may construe this communique as a Private Letter Rogatory.  As shown below, Merle Richard Schmidt has verified the 21 presumptions stated on pages 2 through 4.

In accordance with your right to have notice and opportunity to respond, you now have ten (10) days from receipt to submit to me your verified rebuttal to each of these sworn presumptions set forth on pages 2 through 4.  Your rebuttal to these sworn presumptions shall be subscribed and sworn to under personal penalty of perjury before a notary public.

Mail your sworn rebuttal to:
            Paul Kramer
            804 4th Avenue
            Cascade, Iowa 52033

                                        Sincerely,

                                        _____

                                        Paul Kramer,
                                        Notary Public
                                        804 4th Avenue
                                        Cascade, Iowa 52033

STATE OF IOWA      )
                   )      ss.          Affidavit
COUNTY OF IOWA     )
        I, Merle Richard Schmidt, declare under penalty of perjury that each of the following presumptions numbered 1 through 21 are the truth, the whole truth, and nothing but the truth, to the very best of my knowledge and belief.

                   _____
                          Merle Richard Schmidt

Signed and sworn before me the undersigned Notary Public on this _____ day of October 2007.

                   _____
                              Notary Public

**PRESUMPTION NO. 1:**
At or about 10:05 A.M. on December 11, 2002, approximately half way between the Clerk of Court's office and the court room in the Iowa County Courthouse, Iowa County Attorney Lewis McMeen declared to Merle Richard Schmidt in a very angry tone of voice, "*You're going to learn not to mess with the County Attorney.*"


**PRESUMPTION NO. 2:**
At or about 3:37 P.M. on June 30, 2003, while upon the SW1/4 of the SW1/4 of Section 29, Twp. 79N, Range 12 West of the 5th Principal Meridian, the Iowa County Sheriff did inform Merle Richard Schmidt that County officers "*HAVE TO*" do whatever Lewis McMeen tells them to do.


**PRESUMPTION NO. 3:**
After receiving communications from Adair Holdings, L.L.C., the Treasurer of Iowa County, Iowa did from December of 2006 to March 12 of 2007, conceal in her personal possession an affidavit respecting soil described as the NW1/4 of the NW1/4 of Section 33, Township 79N, Range 12W, of the 5th P.M.


**PRESUMPTION NO. 4:**
Predicated upon the affidavit that was concealed by Treasurer Kim Tanke, on March 12, 2007, Treasurer Kim Tanke did issue a tax deed to Adair Holdings, L.L.C. for the NW1/4, NW1/4, Section 33, Township 79N, Range 12W, of the 5th P.M.


**PRESUMPTION NO. 5:**
When requested, Iowa County Sheriff Nick Roggentien refused to do any criminal investigation respecting the affidavit concealed by the Iowa County Treasurer.


**PRESUMPTION NO. 6:**
On March 23, 2007, "*Affidavit of Fraud in Tax Deed*" was recorded in the Iowa County Recorder's Book 813, Page 1-2.


**PRESUMPTION NO. 7:**
Sheriff Nick Roggentien received a copy of "*Affidavit of Fraud in Tax Deed*" recorded in the Iowa County Recorder's Book 813, Page 1-2 and the Sheriff gave a copy to Jerry Denzler.

**PRESUMPTION NO. 8:**
At or about 4:38 P.M. on April 19, 2007 Jerry Denzler had a copy of the "*Affidavit of Fraud in Tax Deed*" in his possession and made it known that he was agent for Adair Holdings.


**PRESUMPTION NO. 9:**
No termination of tenancy notice was ever given respecting the NW1/4, NW1/4, Sec. 33, Twp. 79N, R12W of the 5th P.M. as is required by Iowa Code Section 562.7.


**PRESUMPTION NO. 10:**
No forcible entry or detainer action was filed respecting the NW1/4, NW1/4, Sec. 33, Twp. 79N, R12W of the 5th P.M..


**PRESUMPTION NO. 11:**
Crops were lawfully planted, financed, and husbanded upon the NW1/4, NW1/4, Sec. 33, Twp. 79N, R12W of the 5th P.M. in 2007 as had been done in preceding years.


**PRESUMPTION NO. 12:**
A sworn Class C felony complaint for alteration of public records respecting the NW1/4, NW1/4, Sec. 33, Twp. 79N, R12W of the 5th P.M. was then filed with the Iowa County Clerk of District Court at 1:41 P.M. on May 29, 2007.


**PRESUMPTION NO. 13:**
Attorney Lewis McMeen received a copy of the sworn criminal complaint against Iowa County Treasurer Kim Tanke on June 8, 2007 by Certified U.S. Mail No. 7004 1350 0005 1672 4951.


**PRESUMPTION NO. 14:**
Magistrate Thomas Buchanan received a copy of the sworn criminal complaint against Kim Tanke on July 23, 2007 by Certified U.S. Mail No. 7004 1350 0005 1672 5002.


**PRESUMPTION NO. 15:**
Both Magistrate Thomas Buchanan and Attorney Lewis McMeen shielded Iowa County Treasurer Kim Tanke from lawful investigation by the Iowa County Grand Jury.

**PRESUMPTION NO. 16:**
While shielding Treasurer Kim Tanke from possible indictment by Grand Jury, on July 30, 2007, Buchanan sentenced Merle Richard Schmidt to **JAIL** for an alleged trespass for tending the crops growing upon the NW1/4, NW1/4, Sec. 33, Twp. 79N, R12W of the 5th P.M.


**PRESUMPTION NO. 17:**
On July 30, 2007, Deane Walocha, attorney for Adair Holdings, L.L.C., mailed notice by Certified Mail No. 7006 0810 5901 7513, to wit: "Adair Holdings, L.L.C. has elected to terminate your tenancy ... ". "This termination will be effective March 1, 2008." "On or before March 1, 2008, you should remove from the premises, any and all personal property belonging to you."


**PRESUMPTION NO. 18:**
On or about August 1, 2007, Officials of Iowa County, Iowa were made aware of Deane Walocha's Notice for Merle Richard Schmidt to have property removed from the NW1/4, NW1/4, Sec. 33, Twp. 79N, R12W of the 5th P.M. by March 1, 2008.


**PRESUMPTION NO. 19:**
After learning that Merle Richard Schmidt was already incarcerated for trespass upon the NW14, NW14, Sec. 33, Twp. 79N, R12W of the 5th P.M., on August 7, 2007, Deane Walocha mailed notice by Certified Mail No. 7006 0810 0005 6007 7759 to disregard the termination of tenancy letter mailed on July 30, 2007.


**PRESUMPTION NO. 20:**
Lewis McMeen, Nick Roggentien, Jerry Denzler, Tod Sauerbrei, David F. Seaba, Thomas Buchanan, Adair Holdings, L.L.C., and Deana Walocha have acted in concert, under color of law, to convert growing crops not husbanded nor financed by them.


**PRESUMPTION NO. 21:**
Two Certified letters from the attorney for Adair Holdings, L.L.C., constitute evidence that on or before the 8th day of August, in the year of our Lord Two Thousand and Seven, in the County of Iowa and State of Iowa, Lewis McMeen, Nick Roggentien, Jerry Denzler, Tod Sauerbrei, David F. Seaba, Thomas Buchanan, Adair Holdings, L.L.C., and Deana Walocha did knowingly act in concert to take control of the crops growing upon the NW1/4, NW1/4, Sec. 33, Twp. 79N, R12W of 5th P.M. in 2007.

April 21, 2008 

*Supplementor*
*NOTICE*
*of*
*Crime*

MERLE RICHARD SCHMIDT
% PO BOX 416
VICTOR, IA 52347 USA

## APOSTILLE
### (Convention de La Hague du 5 octobre 1961)

1   Country: United States of America

2   This public document has been signed by: ELIZABETH ROBERTS

3   Acting in the capacity of: NOTARY PUBLIC

4   Bearing the seal/stamp: NOTARY PUBLIC IN AND FOR THE STATE OF
    IOWA

### CERTIFIED

5   at: DES MOINES, IOWA, UNITED STATES OF AMERICA

6   date: APRIL 21, 2008

7   by: the Secretary of State of the State of Iowa, United States of America

8   No. 08-085878

9   Seal                              10      Signature



85878

---

Prepared by and return to Merle Richard Schmidt, c/o P.O. Box 416, Victor, Iowa 52347

---

STATE OF IOWA    )
                    )    ss    AFFIDAVIT OF "PATTERN OF RACKETEERING ACTIVITY"
COUNTY OF IOWA )                         UNDER 18 U.S.C. § 1961 (5)

*To all to whom these presents shall come, Greeting:*
***WHEREAS***, the Thirty First Congress, Session 1, decreed as follows:
    ***An Act to authorize Notaries Public to take and certify oaths and***
    *      affirmations and acknowledgments in certain Cases*
APPROVED, September 16, 1850.
    *Be it enacted by the Senate and House of Representatives of the United States of America in*
*Congress assembled, That in all cases in which, under the laws of the United States, oaths, or*
*affirmations, or acknowledgments may now be taken or made before any justice or justices of the peace*
*of any State or Territory, such oaths, affirmations, or acknowledgments may be hereafter also taken or*
*made by or before any notary public duly appointed in any State or Territory, and, when certified under*
*the hand and official seal of such notary, shall have the same force and effect as if taken or made by or*
*before such justice or justices of the peace.*
    **NOW THEREFORE**, in addition to the Apostille showing No. 08-085100 on line 8 thereof, I,
Merle Richard Schmidt, being first duly sworn, hereby decree that attached hereto and by reference made
a part hereof is a true copy of "ADMINISTRATIVE NOTICE (third notice)" with attached TRUE BILL
IN COMMERCE; also a letter dated September 26, 2007 and mailed to Deputy Sheriff Todd Sauerbrei;
and also a true copy of a verified document entitled "COMPLAINT TO THE UNITED STATES
POSTAL INSPECTION SERVICE"dated December 9, 2007 with the criminal complaint entitled "IN
THE NAME AND BY THE AUTHORITY OF THE STATE OF IOWA:"; with the "MINUTES OF
TESTIMONY"; with "NOTICE TO LEWIS MCMEEN AND THE IOWA COUNTY
SUPERVISORS"; and with a "Track and Confirm" affirming the wilful interruption of United States
registered mail to the Iowa County Grand Jury.
    FURTHER THIS AFFIANT SAYETH NAUGHT

                                     *Merle Richard Schmidt*
                                     Merle Richard Schmidt

Subscribed and sworn to before me by Merle Richard Schmidt, this 21ˢᵗ day of April 2008.

ELIZABETH ROBERTS
Commission Number 749295
My Commission Expires
10-08-10

                                    *Elizabeth Roberts*
                                     Notary Public

# ADMINISTRATIVE NOTICE
### (third notice)

**FROM:**     **Tammy Gehring, trustee of Pine Ridge Trust**

**TO:**         **THE IOWA COUNTY BOARD OF SUPERVISORS**

You are hereby given third notice of demand for payment of the amount stated in the True Bill in Commerce received by you on July 27, 2004, a copy of which is attached hereto.

This letter shall be construed as an administrative proceeding, thereby giving you the opportunity to correct your wilful default without future incurrence of additional liability for damages.

Accordingly, you have specific notice that you are now operating in bad faith, and I am giving you seven (7) days from receipt of this third notice to correct your bad faith by tendering a check in the amount you now lawfully owe. You have notice that failure by you to respond and tender a check to Pine Ridge Trust for the $2,500 within seven days of receipt of this third notice will terminate all promises made to you by Pine Ridge Trust.

Dated this _____ day of October 2004.

                                    **Pine Ridge Trust**
                                    **1232 270th Street**
                                    **Victor, Iowa 52347**

                    by     _____
                                    Tammy L. Gehring, trustee

         Subscribed and Affirmed before me by Tammy L. Gehring, trustee of Pine Ridge
Trust, this _____ day of October 2004

LANCE T. SCHAEFER
Commission Number 718990
My Commission Expires
October 10, 2005

                    _____
                    NOTARY PUBLIC in and for the STATE OF IOWA

**Certificate of Service:** On the _____ day of October 2004, a true, correct and complete copy of the instant document was served by United States Postal Service Certified Mail No. **7004 0750 0000 1473 9593** Return Receipt Requested, upon: Iowa County Supervisors, P.O. Box 126, Marengo, Iowa 52301-0126.

                    _____
                    NOTARY PUBLIC in and for the STATE OF IOWA


LANCE T. SCHAEFER
Commission Number 718990
My Commission Expires
October 10, 2005

# TRUE BILL IN COMMERCE

By:    **Pine Ridge Trust**
       1232 270th Street
       Victor, Iowa 52347

To:    **Iowa County Board of Supervisors**

Re:    **Condemnation proceeds deposited with the Iowa County Treasurer**

Attached hereto is a true copy of the REPORT OF COMPENSATION COMMISSION. The check from Northern Border Pipeline Company for the $2500 award was deposited with the Iowa County Treasurer and remains owing as of this date.

All rights to this award have been lawfully assigned to Pine Ridge Trust with a federal I.D. number of   42-6466946.

Upon best information and belief, I, Tammy L. Gehring, trustee of Pine Ridge Trust, aver that this True Bill in Commerce is a lawful and just claim against Iowa County.

With explicit reservation of all rights at all times, the undersigned avers that liability is imposed upon Iowa County as follows:

1. Amount of award of Compensation Commission ...............................................$____2,500.00

**Total amount claimed** .................................................................. $ ___2,500.00

With explicit reservation of rights in conformance with UCC 1-207, and "Under Cause of Necessity," I affirm this to be a True Bill in Commerce as I verily believe to be now owing and due, and I now make demand that the Treasurer of Iowa County pay this amount to Pine Ridge Trust within 30 days of receipt of this True Bill in Commerce.

I aver under penalty of perjury that upon Pine Ridge Trust's receipt of payment of this amount at the address stated below, Iowa County will be released from all further actions regarding this condemnation proceeding.

**Pine Ridge Trust**
**1232 270th Street**
**Victor, Iowa 52347**

by   _Tammy L Gehring trustee_
     Tammy L. Gehring, trustee

Subscribed and Affirmed before me by Tammy L. Gehring, trustee of Pine Ridge Trust, this __27__ day of July 2004

LANCE T. SCHAEFER
Commission Number 718990
My Commission Expires
October 10, 2005    NOTARY PUBLIC in and for the STATE OF IOWA

**Certificate of Service:** On the __27__ day of July 2004, a true, correct and complete copy of the instant document was served by United States Postal Service Certified Mail No. **7002 2410 0003 7427 6654** Return Receipt Requested, upon: Iowa County Auditor, P.O. Box 126, Marengo, Iowa 52301-0126.

LANCE T. SCH.
Commission Number 718...
My Commission Expires
October 10, 2005    NOTARY PUBLIC in and for the STATE OF IOWA

**Merle Richard Schmidt**
**c/o P.O. Box 416**
**Victor, Iowa 52347**

September 26, 2007

Deputy Sheriff Tod Sauerbrei
Iowa County Sheriff's Office
P.O. Box 167
Marengo, Iowa 52301-0167

　　　RE:　　Sworn Criminal Complaint for Theft

　　　　　　　　　　　　　　　　　　VIA REGISTERED MAIL

Dear Deputy Sauerbrei,

　　　It is rumored that you have orally claimed to be "*a damn good cop*". Accordingly, I am sending the enclosed original sworn Criminal Complaint of THEFT against Lewis McMeen to you by Registered Mail for your appropriate action.

　　　I expect that you will fulfill your lawful duty to ensure that the Criminal Complaint against this government official is immediately presented to the Iowa County Grand Jury for proper investigation and possible indictment.

　　　In the event that I do not hear from you within ten (10) days that the Grand Jury is fully informed of this Complaint, I can see no reason to believe that you are not involved in a Conspiracy and/or the Compounding of a Felony. Accordingly, it will be fully presumed that you are so acting.

　　　I can see no reason to believe that if I receive no timely response, you are not in full agreement that it is appropriate for me to file criminal charges against you for Conspiracy under Iowa Code Section 706, subject to you providing a statement of claim and proof of claim to the contrary within ten (10) days.

　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　*[signature]*

　　　　　　　　　　　　　　　Merle Richard Schmidt

## COMPLAINT TO
## THE UNITED STATES POSTAL INSPECTION SERVICE

I, Tom Pope, state that I am a Grand Juror in Iowa County, Iowa.

I have reason to believe, and I do believe, that a criminal complaint charging Lewis McMeen with a felony was mailed to each of the Grand Jurors in Iowa County, Iowa in care of the Iowa County Attorney. Attached hereto and marked as EXHIBIT 1 is a copy of said criminal complaint with minutes of testimony.

Also attached hereto and marked as EXHIBIT 2 is a copy of United States Postal Service confirmation of delivery and a copy of REGISTERED MAIL receipt no. RB749125226US stamped OCT 31, 2007 at the Deep River, IA post office.

Over 30 days has elapsed and I believe that the felony complaint has been wilfully withheld from the members of the Iowa County Grand Jury.

I have been told that the Postmaster in Marengo, Iowa has agreed to execute an affidavit declaring seven Registered letters addressed to Iowa County Grand Jurors, in care of the Iowa County Attorney, were delivered at or about 8:48 a.m. on November 1, 2007.

---

### AFFIDAVIT

State of Iowa     )
               )    ss
County of Iowa    )

I, Tom Pope, being first duly sworn, declare that the foregoing statements are all true and correct to the best of my knowledge and belief

_____
Tom Pope
2706 G Ave.
Ladora, Iowa 52251


Signed and sworn to before me the undersigned Notary Public on this ___ day of December 2007.


_____
Notary Public



ELIZABETH ROBERTS
Commission Number 749295
My Commission Expires

# IN THE NAME AND BY AUTHORITY OF
# THE STATE OF IOWA:

I, Merle Richard Schmidt, being duly sworn, do state upon my oath that I have personal knowledge, I have good reason to believe, and I do believe based upon the following information:

Northern Border Pipeline Company did petition eminent domain proceedings through certain land to secure an easement for an interstate natural gas pipeline, . A check for the award of $2,500.00 was submitted to the Sheriff of Iowa County by said Northern Border Pipeline Company. This check was deposited in the Iowa County Treasury. After many demands for this amount, Iowa County Attorney Lewis McMeen ordered the Iowa County Supervisors, "**SIT ON IT**".

The latest of the many demands for Iowa County to turn over just compensation for the property was made by leaving 5 copies with the Iowa County Auditor's Office for the Iowa County Board of Supervisors on June 15, 2007. At this same time a copy was made in the Iowa County Auditor's office and was specifically placed in Lewis McMeen's box on June 15, 2007;

and I now charge that heretofore, and before the making and filing of this complaint, on or before the 25th day of June, in the year of our Lord Two Thousand Seven, in the County of Iowa and State of Iowa, **LEWIS McMEEN**, did knowingly commit theft in the second degree in violation of Iowa Code Section 714.1, a class D felony, against the peace and dignity of the State of Iowa.

_Merle Richard Schmidt_
Merle Richard Schmidt
C/O P.O. Box 416
Victor, Iowa 52347

Signed and sworn before me the undersigned Notary Public on this 26th day of September 2007.

Notary Public, State of Iowa

MICHAEL P. GEIGER
Commission Number 722444
My Commission Expires
May 15, 2009

## MINUTES OF TESTIMONY

Merle Richard Schmidt will testify that:

Merle Richard Schmidt serves in the lawful capacity of Merle R. Schmidt, trustee of River Valley Family Trust.

At or about 10:05 A.M. on December 11, 2002, Lewis McMeen stated to Merle Richard Schmidt in a very angry tone of voice, *"You're going to learn not to mess with the County Attorney."*

Northern Border Pipeline Company had previously condemned an easement through soil belonging to River Valley Family Trust. The "just compensation" for the taking had been set at $2,500 by the Compensation Commission. A check was submitted to the Iowa County Sheriff for $2,500 by Northern Border Pipeline. Said check was then deposited in the Iowa County Treasury. Following certain litigation in the courts, it was orally demanded of the Iowa County Treasurer Kim Tanke that the eminent domain funds be turned over. Treasurer Kim Tanke then stated that a demand should be submitted in writing to the Iowa County Board of Supervisors for their approval. On the 27th day of July 2004, by Certified Mail No. 7002 2410 0003 7427 6654, the Iowa County Supervisors did receive the first written demand that the condemnation funds be turned over. The Iowa County Supervisors made no response to the demand for the condemnation funds. On September 9, 2004, by Certified Mail No. 7002 2410 0003 7427 6722 the Iowa County Supervisors received "second notice" to turn over the condemnation funds. Again no response was made by the Iowa County Supervisors. In a letter dated the 12th day of October 2004, third notice was mailed to the Iowa County Board of Supervisors thereby informing said board that they were operating in "Bad Faith" and were given an additional 7 days to correct the Board's "Bad Faith." The Iowa County Board of Supervisors made no response to the third notice to turn over the funds in the amount of $2,500.

When Iowa County Auditor Linda Griggs was questioned by Lance Tod Schaefer and Merle Richard Schmidt about the condemnation funds, it was disclosed that Iowa County Attorney Lewis McMeen ordered the Iowa County Supervisors to *"SIT ON IT"*. At or about 9:18 A.M. on May 16, 2005, in the presence of Lance Tod Schaefer and Merle Richard Schmidt, Linda Griggs specifically stated that Lewis McMeen *"is still holding the money."*

After many good faith previous demands for the condemnation funds, and prior to initiating Criminal Charges, on June 15, 2007, Merle Richard Schmidt did personally take 5 copies of a document entitled "NOTICE TO LEWIS McMEEN AND THE IOWA COUNTY BOARD OF SUPERVISORS" to the Iowa County Auditor's Office for the 5 Iowa County Supervisors. Said notice ordered Lewis McMeen and the Iowa County Supervisors 7 additional days to turn over the condemnation funds. A copy was submitted to the Iowa County Sheriff's office on the 15th day of June 2007. A copy of the notice dated June 15, 2007 is attached hereto.

At 8:32 A.M. on September 27, 2007 Deputy Sheriff Todd Sauerbrei did receive by Registered Mail No. RB749125107US a copy of the Criminal Complaint against Lewis McMeen. Being made aware of a Complaint against the government official named Lewis McMeen, Deputy Todd Sauerbrei obstructed justice by not submitting the Criminal Complaint to the Iowa County Grand Jury for lawful investigation.

Lance Tod Schaefer will testify to the truth of the foregoing statements and testify that County Auditor Linda Griggs stated that Lewis McMeen ordered the Iowa County Supervisors to *"SIT ON IT"*.

Tammy Gehring will testify to the truth of the foregoing statements and testify that verified notices were executed.

## NOTICE TO LEWIS McMEEN AND
## THE IOWA COUNTY BOARD OF SUPERVISORS

**DATE:  June 15, 2007.**

You have previously been instructed on several occasions to pay over the condemnation funds for pipeline easement through River Valley Family Trust soil that were deposited with the Iowa County Treasurer.  Lewis C. McMeen has previously advised the Iowa County Supervisors, the Iowa County Auditor, and possibly other agents of Iowa County to "*sit on*" these condemnation funds not belonging to Iowa County.

You are now placed on Administrative Notice and hereby ORDERED to immediately pay over the condemnation funds in the amount of $2,500.00 to:

**Pine Ridge Trust**
**1231 270th Street**
**Victor, Iowa 52347**

Under protest and with full reservation of all Rights while complying with the Iowa Code, I hereby give Lewis McMeen and Iowa County seven (7) days to comply with this demand before any further documents are filed.

Without prejudice to any RIGHT,

Merle R. Schmidt,
trustee of River Valley Family Trust

cc:    to the Iowa County Sheriff on this 15th day of June 2007

**UNITED STATES
POSTAL SERVICE®**

Track & Confirm      FAQs

Label/Receipt Number: RB74 9125 226U S
Status: Delivered

Your item was delivered at 8:48 AM on November 1, 2007 in MARENGO, IA 52301.

Enter Label/Receipt Number.

Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

| Registered No. | | Date Stamp |
|---|---|---|
| RB749125226 US | | |

| | | |
|---|---|---|
| Reg. Fee 9.91 | | |
| Handling Charge | Return Receipt | |
| Postage | Restricted Delivery | |
| Received by LDoot | | |
| Customer Must Declare Full Value $ 2500 | ☐ With Postal Insurance ☐ Without Postal Insurance | Domesti $35,00? is included in the fee. International Indemnity is limited. (See Reverse). |

To Be Completed By Post Office

**FROM** M. Schmidt

**TO** Grand Jurror Tom Pope
C/o Cy Atty Tim McMeen
PO Box 267
Marengo Ia 52301

To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

PS Form 3806,    Receipt for Registered Mail    Copy 1 - Customer
May 2004 (7530-02-000-9051)    (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®

...usps.com/PTSInternetWeb/InterLabelInquiry.do

Book 815 Page 304-305
Document 2007 3518 Type AFF Pages 2
Date 4/24/2007 Time 3:14 PM
Rec Amt $12.00

SUE PETERSON, RECORDER
IOWA COUNTY IOWA

---

Prepared by and return to Merle Richard Schmidt, c/o P.O. Box 416, Victor, Iowa 52347

## AFFIDAVIT OF ALLODIAL TITLE HOLDER

STATE OF IOWA    )
                   )    ss       AFFIDAVIT
COUNTY OF IOWA )

I, Merle Richard Schmidt, serve in the capacity of Merle R. Schmidt, trustee of River Valley Family Trust. I, being first duly sworn on oath, depose and state that the Treaty of Cession signed in Paris, France on April 30, 1803, is the foundation of title in fact and in law, and River Valley Family Trust claims superior Treaty Title to the following described soil:

### The Northwest Quarter of the Northwest Quarter of Section 33,
### Township 79 North, Range 12 West of the 5th Principal Meridian.

For weakness of equitable commercial title vested in ADAIR HOLDINGS, L.L.C., I state as follows:

Under false presumptions created by statutes in conjunction with felonious sworn statements on the tax deed, ADAIR HOLDINGS, L.L.C. appears as the new record title holder in Iowa County records because of an equitable commercial purchase of "*color of title*" at tax sale under caveat emptor. ADAIR HOLDINGS, L.L.C. only holds title to the parcel of taxes conveyed. ADAIR HOLDINGS, L.L.C. does NOT hold any title in fact or in law to the soil by virtue of its junior non derivative "*color of title*". ADAIR HOLDINGS, L.L.C. is now attempting to exercise rights that do not exist in fact or in law, all under false statutory presumptions that are presumed under Iowa Code Section 554.1201(31). This sworn affidavit shall be evidence for introduction that would support a finding of the nonexistence of the presumption that ADAIR HOLDINGS, L.L.C. holds title in fact or in law.

"Without prejudice" this affidavit is executed and recorded within 120 days as demanded or offered in the statutory affidavit of ADAIR HOLDINGS, L.L.C. that was recorded in Book 813, Page 422 on March 30, 2007. Iowa Code Section 554.1207, subsection 1, is invoked upon all persons and ALL Rights are reserved at all times.

For strength of Title in fact and in law that is vested in River Valley Family Trust I now state that:

On the 27th day of November 1990 Mark A. Schutterle did issue a Warranty Deed to River Valley Family Trust as recorded in Book 268, Pages 248-249.

The Warranty Deed thereby placed River Valley Family Trust in privity with the Treaty of Cession and also in privity with the subsequent land patent CONTRACT numbered 10274 that was recorded in Volume 4 of the Iowa City Land Office before the State of Iowa existed.

The CONTRACT was entered into by the United States of America and extends to the "*heirs and assigns forever*" with consideration paid. The CONTRACT has not yet expired, and River Valley Family Trust is in privity as River Valley Family Trust is the present assign to said CONTRACT.

The patent CONTRACT recorded in said Volume 4 is fully vested in River Valley Family Trust and is the highest evidence of title. The "*Obligation*" of said CONTRACT is protected against third party State law by Article I, Section 10 of the Constitution for the United States of America.

Only River Valley Family Trust has capacity to disparage or abrogate the CONTRACT. No

government agent can do it. Furthermore, River Valley Family Trust specifically DID NOT do it.

River Valley Family Trust is not organized under some statute, nor does it derive from that source some quality or benefit not existing at the common law.

Accordingly, DECLARATION OF LAND PATENT OR GRANT was recorded in Book 284, Pages 132-133 as a public notice that River Valley Family Trust was making claim of an allodial freehold under the patent CONTRACT. All persons were given Sixty (60) days to make their claims known. Neither Iowa County nor any other person made any claim whatsoever.

After notice and opportunity to respond, the described property then lawfully became an allodial freehold and the land patent CONTRACT was fully vested in River Valley Family Trust 60 days after the public notice was recorded on December 19, 1991. The soil was lawfully removed from admiralty or maritime venue and jurisdiction for revenue collection enforcement.

Iowa County then resorted to Slander of Title to retain the soil under admiralty or maritime jurisdiction for revenue enforcement purposes while indicating the deed to the trust did not constitute a valid deed. River Valley Family Trust was allegedly made liable for real estate taxes because the deed did not constitute a valid deed.

"*Affidavit of Absolute Possession*" with 'DEED POLL' explaining the defect in the chain of title caused by Iowa County has now been recorded over three (3) years in the Iowa County Recorder's Book 627, Pages 17-19. Pursuant to Iowa Code Section 558.8 the facts stated in paragraph 3 on Page 17 are now Conclusive Facts. It is conclusive that the land identified in the Deed Poll is not subject to taxation. The presumptive evidence identified in Iowa Code Section 448.4, subsection 1, is now destroyed in toto by said "*Affidavit of Absolute Possession*" and the sworn statements herein.

The Iowa County Treasurer has further wilfully exercised **FRAUD** in the tax deed under Iowa Code Section 446.27, subsection 1. The tax deed is void ab initio under subsection 3 thereof.

I now by reference incorporate each and every statement of the "*Affidavit of Fraud in Tax Deed*" recorded in Book 813, Pages 1-2 on March 23, 2007 as if fully set forth herein.

I state under penalty of perjury that River Valley Family Trust holds title in fact and in law emanating from the United States of America regardless of the "purported" tax title. Absolutely no person is in privity with a common or paramount source of title.

If any person desires to rebut this affidavit, or declare that any other person holds title in fact and in law emanating from the United States of America, or that with regard to River Valley Family Trust said person is in privity with a common or paramount source of title, "he" or "she" must do so under unlimited personal liability and under the penalty of perjury in the format of an affidavit with a hand signature, signed and sworn to before a notary public using "his" or "her" Christian appellation or family name for a signature, and must record said affidavit showing the legal description with the Recorder of Iowa County, Iowa, all within ten (10) days of receiving knowledge of the foregoing sworn averments.

In absences of any such affidavit signed before a notary and recorded with the Iowa County Recorder as stated, all the sworn facts stated herein under penalty of perjury shall be conclusively presumed in accordance with Iowa Code Section 554.1201(31) that is governing authority over the commercial "*color of title*" vested in ADAIR HOLDINGS. L.L.C.

FURTHER THIS AFFIANT SAYETH NAUGHT

*Merle Richard Schmidt*

Merle Richard Schmidt

On the 24th day of April in the year of our Lord Two Thousand and Seven, Merle Richard Schmidt appeared before me, a notary public, and did sign this affidavit in my presence.

Notary Public Sherry Pope

Book 816 Page 161-163

Document 2007 3606 Type AFF Pages 3
Date 5/01/2007 Time 1:44 PM
Rec Amt $17.00


SUE PETERSON. RECORDER
IOWA COUNTY IOWA

---

Prepared by and return to Merle Richard Schmidt, c/o P.O. Box 416, Victor, Iowa 52347

---

## AFFIDAVIT OF PROPERTY NOT SUBJECT TO TAXATION

STATE OF IOWA )
             )    ss      **AFFIDAVIT**
COUNTY OF IOWA )

I, Merle Richard Schmidt, serve in the capacity of Merle R. Schmidt, trustee of River Valley Family Trust. I, being first duly sworn on oath, depose and state that the Treaty of Cession signed in Paris, France on April 30, 1803, is the foundation of title in fact and in law, and River Valley Family Trust holds superior Treaty Title in fact and in law to the following described soil:

### (SEE LEGAL DESCRIPTION ATTACHED)

The sworn averments set down herein shall create presumptions that are fully presumed by every tier of fact, whether a trier of fact under Iowa Code Section 441.43, whether for other judicial actions, quasi-judicial proceedings by Boards, and also respecting the Iowa County Sheriff, all in accordance with Iowa Code Section 554.1201(31), subject to timely statement of claim and proof of claim to the contrary.

I state that all performance under statutes as demanded or offered is conducted "without prejudice". Accordingly, Iowa Code Section 554.1207 is invoked upon all persons with all rights of River Valley Family Trust fully reserved.

With all Rights reserved under law at all times I now state as follows:

River Valley Family Trust is not organized under some statute, nor does it derive from that source some quality or benefit not existing at the common law.

On the 27th day of November 1990 Mark A. Schutterle did issue a Warranty Deed to River Valley Family Trust as recorded in Book 268, Pages 248-249.

The Warranty Deed thereby placed River Valley Family Trust in privity with the Treaty of Cession and also in privity with the subsequent land patent CONTRACTS that were executed by the United States of America.

The CONTRACTS were entered into by the United States of America and extend to the "*heirs and assigns forever*" with consideration paid. The CONTRACTS have not yet expired, and River Valley Family Trust is in privity as the present assign.

The patent CONTRACTS are the highest evidence of title. The "*Obligations*" of said CONTRACTS are protected against third party State law by Article I, Section 10 of the Constitution for the United States of America.

"*A United States patent cannot be set aside without clear evidence of fraud. No government officer can do it. It is the act of the highest officer in the government, the conclusion of all their acts and decisions in regard to the matter in controversy.*" **Moore v. Robbins, 96 U.S. 848, 851** No statutory presumption contrary to the United States Supreme Court is valid.

Only River Valley Family Trust has capacity to disparage or abrogate the said CONTRACTS. Furthermore, River Valley Family Trust specifically DID NOT do it.

Accordingly, DECLARATION OF LAND PATENT OR GRANT was recorded in Book 284, Pages 128-149 as a public notice that River Valley Family Trust was making claim of an allodial freehold

under the patent CONTRACTS. All persons were given Sixty (60) days to make their claims known. Neither Iowa County nor any other person made any claim whatsoever.

After notice and full opportunity to respond was given, the described property then lawfully became an allodial freehold and the land patent CONTRACTS were fully vested in River Valley Family Trust 60 days after the public notices were recorded on December 19, 1991. The soil was then lawfully removed from admiralty or maritime venue and jurisdiction for revenue collection enforcement.

Iowa County then resorted to Slander of Title and Fraud to retain the soil under admiralty or maritime jurisdiction for revenue enforcement purposes while indicating the deed to the trust did not constitute a valid deed. River Valley Family Trust was allegedly made liable for real estate taxes because the deed did not constitute a valid deed. This is an estoppel in pais and Fraud vitiates everything.

"*Affidavit of Absolute Possession*" with '**DEED POLL**' explaining the defect in the chain of title caused by Iowa County has now been recorded over three (3) years in the Iowa County Recorder's <u>Book 627, Pages 17-19</u>. Pursuant to <u>Iowa Code Section 558.8</u> the facts stated in paragraph 3 on Page 17 are now Conclusive Facts. It is conclusive that the land identified in the Deed Poll is not subject to taxation. All presumptive evidence that is identified in <u>Iowa Code Section 448.4, subsection 1</u>, is destroyed in toto by said "*Affidavit of Absolute Possession*" and this affidavit of sworn averments.

River Valley Family Trust holds title in fact and in law emanating from the United States of America to the soil described herein. Respecting River Valley Family Trust, absolutely no person is in privity with a common or paramount source of title, whether through a mortgage, whether color of title purchased at tax sale, or otherwise.

Since 60 days after the recording of the Declarations of Land Patent on December 19, 1991, neither the soil, nor the non-statutory unincorporated River Valley Family Trust, nor the land patent CONTRACTS vested in River Valley Family Trust are subject to taxation. River Valley Family Trust has no "***property subject to taxation***" under Iowa Code Section 441.21. River Valley Family Trust is not subject to the duties of the Iowa County Assessor identified in Iowa Code Section 441.17, subsection 2. River Valley Family Trust is not a statutory person for the Iowa County Auditor to name upon the tax list as a taxpayer under Iowa Code Section 443.2.

These claims of River Valley Family Trust are not subject to estoppel based upon acceptance of benefits and the issue of State law impairing the obligation of patent CONTRACTS is ultimately, as it was in the beginning, a Constitutional matter not susceptible of legislative disposition.

If any person desires to rebut this affidavit and provide evidence to the contrary in accordance with Iowa Code Section 554.1201(31), "he" or "she" must do so under unlimited personal liability and under the penalty of perjury in the format of an affidavit with a hand signature, signed and sworn to before a notary public using "his" or "her" Christian appellation or family name for a signature, all without government granted immunity from prosecution, and must record said affidavit therein showing the legal descriptions with the Recorder of Iowa County, Iowa, all within ten (10) days of receiving knowledge of the foregoing sworn averments, and immediately serve notice of said affidavit upon the Iowa County Board of Review for appellate purposes and serve the undersigned for this Affiant's lawful opportunity to respond.

In absences of any such affidavit signed before a notary and recorded with the Iowa County Recorder and served upon the undersigned as stated, all of these sworn averments stated herein shall be conclusively presumed in accordance with Iowa Code Section 554.1201(31) for all persons receiving knowledge of this Affidavit.

FURTHER THIS AFFIANT SAYETH NAUGHT _Merle Richard Schmidt_

Merle Richard Schmidt

On the 1ª day of May in the year of our Lord Two Thousand and Seven, Merle Richard Schmidt appeared before me, a notary public, and did sign this affidavit in my presence.

_Susan M Peterson_

Notary Public

Susan M Peterson

**LEGAL DESCRIPTION WHEREIN RIVER VALLEY FAMILY TRUST
HOLDS TITLE IN FACT AND IN LAW EMANATING FROM THE
UNITED STATES OF AMERICA**

Southeast 1/4 of Southeast 1/4 of Section 22,
South ½ of Southwest 1/4 of Section 23,
    all in Township 79 North of Range 12 West of the 5th P.M.

ALSO:

The West Sixty acres of the South Half (S1/2) of the Southwest Quarter (SW 1/4) of Section Twenty-eight (28), Township Seventy-nine (79) North, Range Twelve (12) West of the 5th P.M., containing 60 acres

The South Half (S ½) of the Southeast Quarter (SE 1/4) of Section Twenty-nine (29), Township Seventy-nine (79) North, Range Twelve (12) West of the 5th P.M., containing 80 acres.

The South Half (S ½) of the Southwest Quarter (SW 1/4) (except 1.87 acres thereof), in Section Twenty-nine (29), Township Seventy-nine (79) North, Range Twelve (12) West of the 5th P.M. containing 78.13 acres.

The Northeast Quarter (NE 1/4) of the Northeast Quarter (NE 1/4), and the Northwest Quarter (NW 1/4) of the Northwest Quarter (NW 1/4) of Section Thirty-three (33), Township Seventy-nine (79) North, Range Twelve (12) West of the 5th P.M., containing 80 acres.

The South five acres of the East ten acres of the West eleven acres of the Southwest Quarter (SW 1/4) of the Southeast Quarter (SE 1/4) of Section Thirty-three (33), Township Seventy-nine (79) North, Range Twelve (12) West of the 5th P.M., containing 5 acres.

The West one acre of the Southwest Quarter (SW 1/4) of the Southeast Quarter of Section Thirty-three (33), Township Seventy-nine (79) North, Range Twelve (12) West of the 5th P.M., containing one acre.

Lot Three (3) in Section Four (4), Township Seventy-eight (78) North, Range Twelve (12) West of the 5th P.M., containing 51.72 acres, except the Southwest seven acres described as follows: Begining at the Southwest corner of above described Lot Three (3) and running thence North 23 rods, 5 feet 4 inches, thence East 48 rods, thence South 23 rods, 5 feet 4 inches, thence West 48 rods to place of beginning, containing 44.72 acres.

ALSO:

That part of lot Four of the Northwest Quarter of the Northwest Fractional Quarter of Section Four, Township 78 North, Range 12 West of the 5th P.M. located East of the Centerline of the English River, as same is now located;

Book 838 Page 462-472

Document 2008 2103 Type AFF Pages 11
Date 1/07/2008  Time  8:44:45AM
Rec Amt $57.00

Ref
Ind
Odd

SUE PETERSON, RECORDER
IOWA COUNTY IOWA

Scan
Prf

Prepared by and return to Merle Richard Schmidt, c/o P.O. Box 416, Victor, Iowa 52347

## AFFIDAVIT OF CRIMINAL CHARGES

relating to:

## THE NW 1/4 OF THE NW 1/4 OF SECTION 33, TOWNSHIP 79 NORTH OF RANGE 12 WEST OF THE 5TH PRINCIPAL MERIDIAN

STATE OF IOWA )
               )    ss      AFFIDAVIT
COUNTY OF IOWA )

I, Merle Richard Schmidt, being first duly sworn, hereby state under penalty of perjury that

attached hereto is a copy of the original complaint that was filed against Kim Tanke in the office of Clerk

of District Court in Marengo, Iowa at or about 1:41 P.M. on May 29, 2007.

Also attached hereto are nine (9) original criminal complaints in addition to the copy of the

complaint previously filed against Kim Tanke.

FURTHER THIS AFFIANT SAYETH NAUGHT

_Merle Richard Schmidt_
           Merle Richard Schmidt

Subscribed and sworn to before me by Merle Richard Schmidt, this 3 rd day of January 2008.

_Elizabeth Roberts_
           Notary Public



ELIZABETH ROBERTS
Commission Number 749295
My Commission Expires
10-08-10

FILED

**IN THE IOWA DISTRICT COURT IN AND FOR IOWA COUNTY**

**STATE OF IOWA**   2007 MAY 29 PM 1:41    Before Magistrate _____ Leinen _____

**COUNTY OF IOWA**   SHERYL NEAL    Criminal Number _____
CLERK OF DISTRICT COURT

vs.                                    **Complaint and Affidavit**

Tanke, Kim   d.b.a Iowa County Treasurer

THE DEFENDANT is accused of the crime of alteration of public records, knowing the same to be false (because of fraud) in violation of Section 714.8, subsection 4, of the Iowa Criminal Code / 2007 (714.9 Class C felony) in that the Defendant on or about March 12, 2007, in Iowa County, did wilfully and knowingly subscribe her name upon a tax deed thereby changing the record title holder of land in Book 812, Pages 47-49 of the Iowa County Recorder's office at or about 9:27 AM on 3/13/2007, all while the Affidavit with pertinent redemption information had been concealed by Kim Tanke, and said redemption information was not accessible by her subordinates, nor accessible by the owner of the land.

Therefore, Complainant requests that, pursuant to Iowa Rule of Criminal Procedure 2.3 j., the Court convene the Iowa County Grand Jury to perform its special duty set forth in Iowa Rule of Criminal Procedure 2.3 j(3).

Complainant _Merle Richard Schmidt_

Merle Richard Schmidt

_____

**Affidavit**

STATE OF IOWA, County of _____ Iowa _____ ss:

I the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

On March 12, 2007 the Defendant Kim Tanke did subscribe her name upon a tax deed issued to Adair Holdings, L.L.C. respecting the NW1/4 of the NW1/4 of Sec. 33, Twp. 79 North, Range 12 West of the 5th Principal Meridian. The tax deed was thus recorded in Book 812, Pages 47-49 changing the public records at or about 9:27 AM on 3/13/2007 to show a new record title holder. Prior to execution of the tax deed, the Affidavit with redemption information was not accessible to employees working under Iowa County Treasurer Kim Tanke or to the owner of the land on December 11, 2006, nor on January 4, 2007, nor on March 5, 2007, nor on March 8, 2007. After the tax deed was issued on March 12, 2007 it was disclosed in the Iowa County Treasurer's office that the Affidavit with pertinent redemption information had been in Kim Tanke's personal possession. The value of the land exceeds $10,000.

_Lance Tod Schaefer_

Lance Tod Schaefer

Subscribed and sworn to before me by Lance Tod Schaefer at rural Guernsey, Iowa this 29th day of May, 2007.

_____

Notary Public

RICH DANA
Commission Number 720213
My Commission Expires
1/3/07

COMPLAINT AND AFFIDAVIT _____ 61a-271

# IN THE IOWA DISTRICT COURT IN AND FOR _____ IOWA _____ COUNTY

### STATE OF IOWA

vs.

_____ Lewis McMeen _____

Before Judge _____

Criminal Number _____

**Complaint and Affidavit**

THE DEFENDANT is accused of the crime of **CONSPIRACY TO COMMIT THEFT OF PROPERTY EXCEEDING TEN THOUSAND DOLLARS** in violation of Section **706. 1** of the Iowa Criminal Code/ **2007 (CLASS D FELONY)** in that the defendant on or before the __1ST__ day of __November__, 20 _07_, at **the NW 1/4 of the NW 1/4 of Section 33, Township 79 North, Range 12 West of the 5th P.M.** in __Iowa__ County, did __act in concert with Jerry Denzler, David Seaba, Nick Roggentien, Thomas Buchanan, Todd Sauerbrei, Deana Walocha and Donald Jones to take control of property of another exceeding $10,000.00__

THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release where applicable,

(1) be arrested or that other lawful steps be taken to obtain Defendant's appearance in court: or

(2) be detained, if already in custody, pending further proceedings;

and that said Defendant otherwise be dealt with according to law.

Complainant _Nick Richard Schmidt_
Signature of Complainant

_____

### Affidavit

STATE OF IOWA, County of __Iowa__   ss:

I, the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

In 2007, Silver Eagle Trust was in possession of the NW1/4 of the NW1/4 of Sec. 33, Twp. 79 North, Range 12W of the 5th PM. No termination of tenancy under the Iowa Code had been executed prior to planting time in 2007. Silver Eagle Trust did cause corn to be planted upon said soil as in previous years. Silver Eagle Trust did husband and did finance the diesel fuel, machinery, seed corn, fertilizer, pesticides and custom spraying for application thereof. Lewis McMeen did act in concert with others to take *"control of the property of another ... with the intent to deprive the other thereof"*. Lewis McMeen, Nick Roggentien, Thomas Buchanan, Todd Sauerbrei, Jerry Denzler, David Seaba, Adair Holdings, L.L.C., Deana Walocha and Donald Jones did act in concert to promote or facilitate the commission of theft of property exceeding $20,000.00.

_Michael D. Roberts_
Signature

Subscribed and sworn to before me by_____ Michael D. Roberts _____
at __rural Guernsey__, Iowa this _3rd_ day of __January__, 20 _08_.

_____
Notary

COMPLAINT AND AFFIDAVIT _____ 61a-271

# IN THE IOWA DISTRICT COURT IN AND FOR _____IOWA_____ COUNTY

**STATE OF IOWA**

Before Judge _____

Criminal Number _____

vs.

**Complaint and Affidavit**

_____Thomas Buchanan_____

THE DEFENDANT is accused of the crime of **CONSPIRACY TO COMMIT THEFT OF PROPERTY EXCEEDING TEN THOUSAND DOLLARS** in violation of Section **706. 1** of the Iowa Criminal Code/ **2007 (CLASS D FELONY)** in that the defendant on or before the **1ST** day of **November**, 20 **07**, at **the NW 1/4 of the NW 1/4 of Section 33, Township 79 North, Range 12 West of the 5th P.M.** in **Iowa** County, did **act in concert with Jerry Denzler, David Seaba, Lewis McMeen, Nick Roggentien, Todd Sauerbrei, Deana Walocha and Donald Jones to take control of property of another exceeding $10,000.00**

THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release where applicable,

    (1) be arrested or that other lawful steps be taken to obtain Defendant's appearance in court: or

    (2) be detained, if already in custody, pending further proceedings;

and that said Defendant otherwise be dealt with according to law.

Complainant ___Mark Richard Schmidt___

Signature of Complainant

_____

## Affidavit

STATE OF IOWA, County of **Iowa** ss:

    I, the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

    In 2007, Silver Eagle Trust was in possession of the NW1/4 of the NW1/4 of Sec. 33, Twp. 79 North, Range 12W of the 5th PM. No termination of tenancy under the Iowa Code had been executed prior to planting time in 2007. Silver Eagle Trust did cause corn to be planted upon said soil as in previous years. Silver Eagle Trust did husband and did finance the diesel fuel, machinery, seed corn, fertilizer, pesticides and custom spraying for application thereof. Thomas Buchanan did act in concert with others to take *"control of the property of another ... with the intent to deprive the other thereof"*. Lewis McMeen, Nick Roggentien, Thomas Buchanan, Todd Sauerbrei, Jerry Denzler, David Seaba, Adair Holdings, L.L.C., Deana Walocha and Donald Jones did act in concert to promote or facilitate the commission of theft of property exceeding $20,000.00.

Michael D. Roberts<br>Signature

Subscribed and sworn to before me by_____ Michael D. Roberts _____

at _rural Guernsey_, Iowa this _3rd_ day of **January**, 20 **08**

_____<br>Notary

COMPLAINT AND AFFIDAVIT                                                              61a-271

# IN THE IOWA DISTRICT COURT IN AND FOR _____ IOWA _____ COUNTY

### STATE OF IOWA

Before Judge _____

Criminal Number _____

vs.

**Complaint and Affidavit**

_____ Nick Roggentien _____

THE DEFENDANT is accused of the crime of **CONSPIRACY TO COMMIT THEFT OF PROPERTY EXCEEDING TEN THOUSAND DOLLARS** _____ in violation of Section **706.1** of the Iowa Criminal Code/ **2007 (CLASS D FELONY)** in that the defendant on or before the ___ **1ST** ___ day of ___ **November** ___ , 20 **07** , at **the NW 1/4 of the NW 1/4 of Section 33, Township 79 North, Range 12 West of the 5th P.M.** in **Iowa** County, did **act in concert with Jerry Denzler, David Seaba, Lewis McMeen, Thomas Buchanan, Todd Sauerbrei, Deana Walocha and Donald Jones to take control of property of another exceeding $10,000.00**

THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release where applicable,

    (1) be arrested or that other lawful steps be taken to obtain Defendant's appearance in court: or

    (2) be detained, if already in custody, pending further proceedings;

and that said Defendant otherwise be dealt with according to law.

Complainant _____
                                   Signature of Complainant

---

### Affidavit

STATE OF IOWA, County of __Iowa__  ss:

I, the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

In 2007, Silver Eagle Trust was in possession of the NW1/4 of the NW1/4 of Sec. 33, Twp. 79 North, Range 12W of the 5th PM. No termination of tenancy under the Iowa Code had been executed prior to planting time in 2007. Silver Eagle Trust did husband and did finance the diesel fuel, machinery, seed corn, fertilizer, pesticides and custom spraying for application thereof. Nick Roggentien did act in concert with others to take *"control of the property of another ... with the intent to deprive the other thereof"*. Lewis McMeen, Nick Roggentien, Thomas Buchanan, Todd Sauerbrei, Jerry Denzler, David Seaba, Adair Holdings, L.L.C., Deana Walocha and Donald Jones did act in concert to promote or facilitate the commission of theft of property exceeding $20,000.00.

_____
                        Signature

Subscribed and sworn to before me by_____ Michael D. Roberts _____
at _rural Guernsey_ , Iowa this 3 rd day of **January** , 20 **08** .

_____
                        Notary

RICH DARM
Commission Number 720000
My Commission Expires
1/7/0

COMPLAINT AND AFFIDAVIT _____ 61=271

# IN THE IOWA DISTRICT COURT IN AND FOR _____IOWA_____ COUNTY

**STATE OF IOWA**

Before Judge _____

Criminal Number _____

vs.

**Complaint and Affidavit**

_____Todd Sauerbrei_____

THE DEFENDANT is accused of the crime of **CONSPIRACY TO COMMIT THEFT OF PROPERTY EXCEEDING TEN THOUSAND DOLLARS**_____ in violation of Section **706. 1** of the Iowa Criminal Code/ **2007 (CLASS D FELONY)** in that the defendant on or before the **1ST** day of **November** , 20 **07** , at **the NW 1/4 of the NW 1/4 of Section 33, Township 79 North, Range 12 West of the 5ᵗʰ P.M.** in **Iowa**  County, did  **act in concert with Jerry Denzler, David Seaba, Lewis McMeen, Thomas Buchanan, Nick Roggentien, Deana Walocha and Donald Jones to take control of property of another exceeding $10,000.00**

THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release where applicable,

(1) be arrested or that other lawful steps be taken to obtain Defendant's appearance in court:  or

(2) be detained, if already in custody, pending further proceedings;

and that said Defendant otherwise be dealt with according to law. Complainant _____

*Signature of Complainant*

---

## Affidavit

STATE OF IOWA, County of __Iowa__  ss:

I, the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

In 2007, Silver Eagle Trust was in possession of the NW1/4 of the NW1/4 of Sec. 33, Twp. 79 North, Range 12W of the 5ᵗʰ PM.  No termination of tenancy under the Iowa Code had been executed prior to planting time in 2007.  Silver Eagle Trust did cause corn to be planted upon said soil as in previous years.  Silver Eagle Trust did husband and did finance the diesel fuel, machinery, seed corn, fertilizer, pesticides and custom spraying for application thereof.  Todd Sauerbrei did act in concert with others to take *"control of the property of another ... with the intent to deprive the other thereof".* Lewis McMeen, Nick Roggentien, Thomas Buchanan, Todd Sauerbrei, Jerry Denzler, David Seaba, Adair Holdings, L.L.C., Deana Walocha and Donald Jones did act in concert to promote or facilitate the commission of theft of property exceeding $20,000.00.

_____

*Signature*

Subscribed and sworn to before me by_____ Michael D. Roberts _____

at __rural Guernsey__ , Iowa this _3rd_ day of **January** , 20 **08** .

_____

*Notary*

COMPLAINT AND AFFIDAVIT                                             61a-271

# IN THE IOWA DISTRICT COURT IN AND FOR _____IOWA_____ COUNTY

**STATE OF IOWA**

Before Judge _____

Criminal Number _____

vs.

**Complaint and Affidavit**

_____David F. Seaba_____

     THE DEFENDANT is accused of the crime of **CONSPIRACY TO COMMIT THEFT OF PROPERTY EXCEEDING TEN THOUSAND DOLLARS**_____ in violation of Section **706.1** of the Iowa Criminal Code/ **2007 (CLASS D FELONY)** in that the defendant on or before the __**1**$^{ST}$__ day of __**November**__ , 20 **07** , at **the NW 1/4 of the NW 1/4 of Section 33, Township 79 North, Range 12 West of the 5th P.M.** in _Iowa_ County, did __**act in concert with Jerry Denzler, Nick Roggentien, Lewis McMeen, Thomas Buchanan, Todd Sauerbrei, Deana Walocha and Donald Jones to take control of property of another exceeding $10,000.00**__

    THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release where applicable,
        (1) be arrested or that other lawful steps be taken to obtain Defendant's appearance in court: or
        (2) be detained, if already in custody, pending further proceedings;
and that said Defendant otherwise be dealt with according to law.

Complainant _____*Neil Michael Schmidt*_____
                                      Signature of Complainant

---

## Affidavit

STATE OF IOWA, County of _Iowa_ ss:

    I, the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

    In 2007, Silver Eagle Trust was in possession of the NW1/4 of the NW1/4 of Sec. 33, Twp. 79 North, Range 12W of the 5th PM. No termination of tenancy under the Iowa Code had been executed prior to planting time in 2007. Silver Eagle Trust did cause corn to be planted upon said soil as in previous years. Silver Eagle Trust did husband and did finance the diesel fuel, machinery, seed corn, fertilizer, pesticides and custom spraying for application thereof. David F. Seaba did act in concert with others to take *"control of the property of another ... with the intent to deprive the other thereof"*. Lewis McMeen, Nick Roggentien, Thomas Buchanan, Todd Sauerbrei, Jerry Denzler, David Seaba, Adair Holdings, L.L.C., Deana Walocha and Donald Jones did act in concert to promote or facilitate the commission of theft of property exceeding $20,000.00.

_____*Michael D. Roberts*_____
                                      Signature

Subscribed and sworn to before me by_____**Michael D. Roberts**_____
at _rural Guernsey_ , Iowa this _3 rd_ day of_**January**_ , 20 **08** .

_____
                                  Notary

COMPLAINT AND AFFIDAVIT _____ 61a-271

# IN THE IOWA DISTRICT COURT IN AND FOR _____IOWA_____ COUNTY

**STATE OF IOWA**

Before Judge _____

Criminal Number _____

vs.

## Complaint and Affidavit

____Jeffery (Jerry) Denzler____

THE DEFENDANT is accused of the crime of **CONSPIRACY TO COMMIT THEFT OF PROPERTY EXCEEDING TEN THOUSAND DOLLARS** in violation of Section **706. 1** of the Iowa Criminal Code/ **2007 (CLASS D FELONY)** in that the defendant on or before the **1ST** day of **November** , 20 **07** , at **the NW 1/4 of the NW 1/4 of Section 33, Township 79 North, Range 12 West of the 5th P.M.** in **Iowa** County, did **act in concert with Nick Roggentien, David Seaba, Lewis McMeen, Thomas Buchanan, Todd Sauerbrei, Deana Walocha and Donald Jones to take control of property of another exceeding $10,000.00**

THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release where applicable,
(1) be arrested or that other lawful steps be taken to obtain Defendant's appearance in court: or
(2) be detained, if already in custody, pending further proceedings;
and that said Defendant otherwise be dealt with according to law. 

Complainant _____Mark Richard Schmidt_____
<span style="font-size:small">Signature of Complainant</span>

_____

### Affidavit

STATE OF IOWA, County of __Iowa__ ss:

I, the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

In 2007, Silver Eagle Trust was in possession of the NW1/4 of the NW1/4 of Sec. 33, Twp. 79 North, Range 12W of the 5th PM. No termination of tenancy under the Iowa Code had been executed prior to planting time in 2007. Silver Eagle Trust did cause corn to be planted upon said soil as in previous years. Silver Eagle Trust did husband and did finance the diesel fuel, machinery, seed corn, fertilizer, pesticides and custom spraying for application thereof. Jeffery (Jerry) Denzler did act in concert with others to take *"control of the property of another ... with the intent to deprive the other thereof"*. Lewis McMeen, Nick Roggentien, Thomas Buchanan, Todd Sauerbrei, Jerry Denzler, David Seaba, Adair Holdings, L.L.C., Deana Walocha and Donald Jones did act in concert to promote or facilitate the commission of theft of property exceeding $20,000.00.

_____Michael D. Roberts_____
<span style="font-size:small">Signature</span>

Subscribed and sworn to before me by_____ Michael D. Roberts _____
at _rural Guernsey_ , Iowa this _3rd_ day of _January_ , 20 _08_ .

_____
<span style="font-size:small">Notary</span>

COMPLAINT AND AFFIDAVIT _____ 61a-271

# IN THE IOWA DISTRICT COURT IN AND FOR _____IOWA_____ COUNTY

### STATE OF IOWA

Before Judge _____

Criminal Number _____

vs.                                          **Complaint and Affidavit**

_____Deana Walocha_____

THE DEFENDANT is accused of the crime of **CONSPIRACY TO COMMIT THEFT OF PROPERTY EXCEEDING TEN THOUSAND DOLLARS** _____ in violation of Section **706.1** of the Iowa Criminal Code/ **2007 (CLASS D FELONY)** in that the defendant on or before the __1ST__ day of __November__ , 20 _07_ , at **the NW 1/4 of the NW 1/4 of Section 33, Township 79 North, Range 12 West of the 5th P.M.** in **Iowa** County, did **act in concert with Jerry Denzler, David Seaba, Lewis McMeen, Thomas Buchanan, Todd Sauerbrei, Nick Roggentien and Donald Jones to take control of property of another exceeding $10,000.00**

THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release where applicable,

(1) be arrested or that other lawful steps be taken to obtain Defendant's appearance in court:  or

(2) be detained, if already in custody, pending further proceedings;

and that said Defendant otherwise be dealt with according to law.

Complainant ___*Mr. le Richard Schmidt*___
Signature of Complainant

_____

### Affidavit

STATE OF IOWA, County of __Iowa__    ss:

I, the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

In 2007, Silver Eagle Trust was in possession of the NW1/4 of the NW1/4 of Sec. 33, Twp. 79 North, Range 12W of the 5th PM.  No termination of tenancy under the Iowa Code had been executed prior to planting time in 2007.  Silver Eagle Trust did cause corn to be planted upon said soil as in previous years.  Silver Eagle Trust did husband and did finance the diesel fuel, machinery, seed corn, fertilizer, pesticides and custom spraying for application thereof.  Deana Walocha did act in concert with others to take *"control of the property of another ... with the intent to deprive the other thereof"*.  Lewis McMeen, Nick Roggentien, Thomas Buchanan, Todd Sauerbrei, Jerry Denzler, David Seaba, Adair Holdings, L.L.C., Deana Walocha and Donald Jones did act in concert to promote or facilitate the commission of theft of property exceeding $20,000.00.

*Michael D. Roberts*
Signature

Subscribed and sworn to before me by_____ __Michael D. Roberts__ _____
at __rural Guernsey__ , Iowa this _3rd_ day of __January__, 20 _08_ .

_____
Notary

**COMPLAINT AND AFFIDAVIT**                                                      61a-271

# IN THE IOWA DISTRICT COURT IN AND FOR _____IOWA_____ COUNTY

### STATE OF IOWA

Before Judge _____

Criminal Number _____

vs.                                        **Complaint and Affidavit**

_____ **Donald Jones** _____

    THE DEFENDANT is accused of the crime of **CONSPIRACY TO COMMIT THEFT OF PROPERTY EXCEEDING TEN THOUSAND DOLLARS** in violation of Section **706.1** of the Iowa Criminal Code/ **2007 (CLASS D FELONY)** in that the defendant on or before the **1ST** day of **November**, 20 **07**, at **the NW 1/4 of the NW 1/4 of Section 33, Township 79 North, Range 12 West of the 5th P.M.** in **Iowa** County, did **act in concert with Jerry Denzler, David Seaba, Lewis McMeen, Thomas Buchanan, Todd Sauerbrei, Deana Walocha and Nick Roggentien to take control of property of another exceeding $10,000.00**

    THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release where applicable,
      (1) be arrested or that other lawful steps be taken to obtain Defendant's appearance in court: or
      (2) be detained, if already in custody, pending further proceedings;
and that said Defendant otherwise be dealt with according to law.

Complainant _____ *Mark Richard Schmidt* _____
<span style="font-size:smaller">Signature of Complainant</span>

---

### Affidavit

STATE OF IOWA, County of _Iowa_ ss:

    I, the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

    In 2007, Silver Eagle Trust was in possession of the NW1/4 of the NW1/4 of Sec. 33, Twp. 79 North, Range 12W of the 5th PM. No termination of tenancy under the Iowa Code had been executed prior to planting time in 2007. Silver Eagle Trust did cause corn to be planted upon said soil as in previous years. Silver Eagle Trust did husband and did finance the diesel fuel, machinery, seed corn, fertilizer, pesticides and custom spraying for application thereof. Donald Jones did act in concert with others to take *"control of the property of another ... with the intent to deprive the other thereof"*. Lewis McMeen, Nick Roggentien, Thomas Buchanan, Todd Sauerbrei, Jerry Denzler, David Seaba, Adair Holdings, L.L.C., Deana Walocha and Donald Jones did act in concert to promote or facilitate the commission of theft of property exceeding $20,000.00.

_____ *Michael D. Roberts* _____
<span style="font-size:smaller">Signature</span>

Subscribed and sworn to before me by_____ Michael D. Roberts _____
at _rural Guernsey_, Iowa this _3 rd_ day of _January_, 20 **08**.

_____
<span style="font-size:smaller">Notary</span>

RICH DARA
Commission Number 72....
My Commission Expires
1/9/....

COMPLAINT AND AFFIDAVIT _____ 61a-271

# IN THE IOWA DISTRICT COURT IN AND FOR _____ IOWA _____ COUNTY

### STATE OF IOWA

Before Judge _____

Criminal Number _____

vs.

### Complaint and Affidavit

_____ Adair Holdings L.L.C. _____

THE DEFENDANT is accused of the crime of **CONSPIRACY TO COMMIT THEFT OF PROPERTY EXCEEDING TEN THOUSAND DOLLARS** _____ in violation of Section **706. 1** of the Iowa Criminal Code/ **2007 (CLASS D FELONY)** in that the defendant on or before the **1ST** day of **November** , 20 **07** , at **the NW 1/4 of the NW 1/4 of Section 33, Township 79 North, Range 12 West of the 5th P.M.** in **Iowa** County, did **act in concert with Jerry Denzler, David Seaba, Lewis McMeen, Thomas Buchanan, Todd Sauerbrei, Deana Walocha and Donald Jones to take control of property of another exceeding $10,000.00**

THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release where applicable,

(1) be arrested or that other lawful steps be taken to obtain Defendant's appearance in court:  or

(2) be detained, if already in custody, pending further proceedings;

and that said Defendant otherwise be dealt with according to law. _____

Complainant ___*Mark Richard Schmidt*___

Signature of Complainant

---

### Affidavit

STATE OF IOWA, County of __Iowa__   ss:

I, the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

**In 2007, Silver Eagle Trust was in possession of the NW1/4 of the NW1/4 of Sec. 33, Twp. 79 North, Range 12W of the 5th PM. No termination of tenancy under the Iowa Code had been executed prior to planting time in 2007. Silver Eagle Trust did cause corn to be planted upon said soil as in previous years. Silver Eagle Trust did husband and did finance the diesel fuel, machinery, seed corn, fertilizer, pesticides and custom spraying for application thereof. Adair Holdings L.L.C. did act in concert with others to take *"control of the property of another ... with the intent to deprive the other thereof"*. Lewis McMeen, Nick Roggentien, Thomas Buchanan, Todd Sauerbrei, Jerry Denzler, David Seaba, Adair Holdings, L.L.C., Deana Walocha and Donald Jones did act in concert to promote or facilitate the commission of theft of property exceeding $20,000.00**

_*Michael D. Roberts*_

Signature

Subscribed and sworn to before me by_____ Michael D. Roberts _____

at __rural Guernsey__ , Iowa this _3rd_ day of **January** , 20 **08** .

_____

Notary

NONI D. NA
Commission Number 7200...
...mission Expires
...19/09

Book 843 Page 353-354

Document 2008 2563 Type AFF Pages 2
Date 2/15/2008  Time  3:13:17PM
Rec Amt $12.00

Ref
Ind
Odd

SUE PETERSON, RECORDER
IOWA COUNTY IOWA

Scan
Prf

Prepared by and return to Merle Richard Schmidt, c/o P.O. Box 416, Victor, Iowa 52347

## AFFIDAVIT OF AN ORIGINAL CRIMINAL CHARGE
### relating to
### THE NW 1/4 OF THE NW 1/4 OF SECTION 33, TOWNSHIP 79 NORTH OF RANGE 12 WEST OF THE 5TH PRINCIPAL MERIDIAN

STATE OF IOWA   )
                )   ss        **AFFIDAVIT**
COUNTY OF IOWA )

I, Merle Richard Schmidt, being first duly sworn, hereby state under penalty of perjury that attached hereto is an original Complaint and Affidavit relating to THE NW 1/4 OF THE NW 1/4 OF SECTION 33, TOWNSHIP 79 NORTH OF RANGE 12 WEST OF THE 5TH PRINCIPAL MERIDIAN.

**FURTHER THIS AFFIANT SAYETH NAUGHT**

_Merle Richard Schmidt_
Merle Richard Schmidt

Subscribed and sworn to before me by Merle Richard Schmidt, this 28th day of January 2008.

_____
Notary Public

COMPLAINT AND AFFIDAVIT                                                      61a-271

# IN THE IOWA DISTRICT COURT IN AND FOR _____IOWA_____ COUNTY

**STATE OF IOWA**

Before Judge _____

Criminal Number _____

vs.                                          **Complaint and Affidavit**

___Blake Steinford, d.b.a. Court Bailiff___

THE DEFENDANT is accused of the crime of __PERMITTING PRISONERS TO__ _____ESCAPE_____ in violation of Section _719.5, subsection 2_ of the Iowa Criminal Code/ __2007 (CLASS D FELONY)__ in that the defendant on or about the _7th_ day of __January__, 20_08_, at _the courthouse in Marengo, Iowa_ in _Iowa_ County, did_____ __as a public officer or employee, voluntarily permit, aid or abet in the escape or attempted escape of persons in custody by reason of charges of Class D felony crimes_____.

THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release where applicable,

(1) be arrested or that other lawful steps be taken to obtain Defendant's appearance in court: or

(2) be detained, if already in custody, pending further proceedings;

and that said Defendant otherwise be dealt with according to law.

Complainant _____

Signature of Complainant

*Don J. Kerf*

## Affidavit

STATE OF IOWA, County of _Iowa_ ss:

I, the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

A conspiracy in the the theft of property worth over $20,000.00 using United States mail is apparent with respect to the NW 1/4 of the NW 1/4 of Sec. 33, Twp. 79 North, Range 12 West of the 5th P.M. Lewis McMeen and Thomas Buchanan were specifically ARRESTED on Jan. 7, 2008 by Merle Richard Schmidt as shown in Book 839, Page 166-171 of the Iowa County Recorder.

At or about 9:00 a.m. on January 22, 2008, Blake Steinford indicated that he had let Thomas Buchanan and Lewis McMeen go free after they were ARRESTED and in Steinford's custody. On January 22, 2008, Blake Steinford specifically refused to take Buchanan and McMeen back into custody so Merle Richard Schmidt could accompany all of them before a Magistrate. Blake Steinford specifically told Merle Richard Schmidt that Merle Richard Schmidt could not arrest anybody.

Iowa Code Section 804.9 specifically states:  804.9 ARRESTS BY PRIVATE PERSONS.

A private person may make an arrest:

1. For a public offense committed or attempted in the person's presence.

2. When a felony has been committed, and the person has reasonable ground for believing that the person to be arrested has committed it.

_____
Signature

Subscribed and sworn to before me by _Jason Lee Schmidt_ at _Deep River_, Iowa this _22nd_ day of _January_, 2008.

_____
Notary

ELIZABETH ROBERTS
Commission Number 748295
My Commission Expires
_12-08-10_

Book 843 Page 347-352

Document 2008 2562 Type AFF Pages 6
Date 2/15/2008 Time 3:12:03PM
Rec Amt $32.00

Ref
Ind
Odd

SUE PETERSON, RECORDER
IOWA COUNTY IOWA

Scan
Prf

Prepared by and return to Merle Richard Schmidt, c/o P.O. Box 416, Victor, Iowa 52347

## AFFIDAVIT OF CRIMINAL CHARGES
### relating to

**TRACT #1**    **THE SOUTHEAST 1/4 OF THE SOUTHEAST 1/4 OF SECTION 22, IN TOWNSHIP 79 NORTH OF RANGE 12 WEST OF THE 5TH P.M.; and**

**TRACT #2**    **THE SOUTH 1/2 OF THE SOUTHWEST 1/4 OF SECTION 23, IN TOWNSHIP 79 NORTH OF RANGE 12 WEST OF THE 5TH P.M.; and**

**TRACT #3**    **THE SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 28 IN TOWNSHIP 79 NORTH OF RANGE 12 WEST OF THE 5TH P.M.**

STATE OF IOWA    )
                 )    ss    **AFFIDAVIT**
COUNTY OF IOWA   )

I, **Merle Richard Schmidt, being first duly sworn, hereby state under penalty of perjury that attached hereto are five original Complaints and Affidavits relating to THE SE 1/4 OF THE SE 1/4 OF SECTION 22, TOWNSHIP 79 NORTH OF RANGE 12 WEST OF THE 5TH PRINCIPAL MERIDIAN; and THE SW 1/2 OF THE SW 1/4 OF SECTION 23, TOWNSHIP 79 NORTH OF RANGE 12 WEST OF THE 5TH P.M.; and THE SW 1/4 OF THE SW 1/4 OF SECTION 28, TOWNSHIP 79 NORTH OF RANGE 12 WEST OF THE 5TH P.M. wherein Lewis McMeen, Nick Roggentien, David F. Seaba, Donald Jones, and Vision Ag L.L.C. are all accused of conspiracy felonies for destruction of tangible property valued at over $10,000.00.
FURTHER THIS AFFIANT SAYETH NAUGHT**

_____
Merle Richard Schmidt

Subscribed and sworn to before me by Merle Richard Schmidt, this 15th day of January 2008.



_____
Notary Public

COMPLAINT AND AFFIDAVIT

61a-241

# IN THE IOWA DISTRICT COURT IN AND FOR ___Iowa___ COUNTY

**STATE OF IOWA**

Before Judge _____

Criminal Number _____

vs.

**Complaint and Affidavit**

___Lewis McMeen___

THE DEFENDANT is accused of the crime of __Conspiracy to commit First Degree Criminal Mischief to property of another exceeding $10,000.00 in value__ in violation of Section 706.1 of the Iowa Criminal Code/2005 in that the defendant on and before the 23rd day of June , 2006 , at the SE 1/4, SE 1/4, Sec. 22, & the S 1/2 of SW 1/4 of Sec. 23, & SW 1/4 of the SW 1/4 of Sec. 28, all in Twp. 79 N. of Range 12 West of the 5th P.M. in Iowa County, did agree with another that they or one or more of them would wilfully engage in conduct to intentionally damage and destroy tangible property valued at over $10,000.00 while having no right to so act in violation of Iowa Code Section 716.3.

THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release where applicable,

(1) be arrested or that other lawful steps be taken to obtain Defendant's appearance in court: or
(2) be detained, if already in custody, pending further proceedings;

and that said Defendant otherwise be dealt with according to law.

Complainant By *Lary Allen Bell*
Signature of Complainant

*Sovereign*
*c/o 6002 Telegraph Road*
*Davenport Iowa*
*zip code exempt as per*
*U.S. Postal Service DMM*
*602 1.3 e 5*

_____

## Affidavit

STATE OF IOWA, County of __Iowa__ ss:

I, the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

On March 1, 2006, the People did speak by 12 man jury and did adjudicate the fact that River Valley Family Trust holds highest and best title in fact and in law emanating from the United States of America to the above described soil. Nick Roggentien was served Habere Facias Possessionem. Notices to Quit were served. On or about March 20, 2006, Merle Richard Schmidt served Nick Roggentien with AFFIDAVIT OF HIGHEST AND BEST TITLE TO SOIL recorded in Book 778, Page 190-208 of the Iowa County Recorder.

At or about 1230 hrs. on May 23, 2006, deputies Tim Walters and Greg Welsh were ordered to the SE 1/4 of the SE 1/4, Sec. 22, 79N, R12W of the 5th P.M. by Nick Roggentien to protect Donald Jones while destroying crops belonging to Silver Eagle Trust at which time Deputy Greg Welsh stated that he had served Notice to Quit upon Donald Jones.

On June 6, 2006 Nick Roggentien acted in concert with David Seaba and was at the S 1/2 of the SW 1/4 of Sec. 23, 79N, R12W of the 5th P.M. to protect persons destroying crops belonging to Silver Eagle Trust.

On June 7, 2006 Vision Ag. LLC was given Notice that they had no right to destroy crops and Vision Ag ceased operations. At or about 12:35 p.m. on June 23, 2006, Vision Ag returned and destroyed Silver Eagle Trust property on the SW 1/4 of the SW 1/4 of Section 28, 79N, R12W of the 5th P.M. at which time Nick Roggentien was acting in concert. Nick Roggentien stated that he acts upon advice from Lewis McMeen.

At 0905 on 11-08-05, Lewis McMeen had been served with Administrative Notice and knew or should have known that "color of title" is not title in fact or in law.

_____
Signature

Subscribed and sworn to before me by___ *Druyor Allen Knight*
at _Williamsburg_, Iowa this _10th_ day of _February_, 2008.

*Cheryl L. Christiansen*
Notary

CHERYL CHRISTIANSEN
COMMISSION NO. 737377
MY COMMISSION EXPIRES
OCTOBER 27, 2008

COMPLAINT AND AFFIDAVIT                                                                                                          61a-241

## IN THE IOWA DISTRICT COURT IN AND FOR ____Iowa____ COUNTY

**STATE OF IOWA**                              Before Judge _____

                                                              Criminal Number _____

vs.                                                    **Complaint and Affidavit**

____Nick Roggentien_____

THE DEFENDANT is accused of the crime of ____Conspiracy to commit First Degree Criminal Mischief to property of another exceeding $10,000.00 in value____ in violation of Section 706.1 of the Iowa Criminal Code/2005 in that the defendant on and before the 23rd day of June , 2006 , at the SE 1/4, SE 1/4, Sec. 22, & the S 1/2 of SW 1/4 of Sec. 23, & SW 1/4 of the SW 1/4 of Sec. 28, all in Twp. 79 N. of Range 12 West of the 5th P.M. in Iowa County, did agree with another that they or one or more of them would wilfully engage in conduct to intentionally damage and destroy tangible property valued at over $10,000.00 while having no right to so act in violation of Iowa Code Section 716.3.

THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release where applicable,

    (1) be arrested or that other lawful steps be taken to obtain Defendant's appearance in court: or

    (2) be detained, if already in custody, pending further proceedings;

and that said Defendant otherwise be dealt with according to law.

                            Complainant _*Fred James Miller Jamier*_

                                          Signature of Complainant

---

### Affidavit

STATE OF IOWA, County of _Iowa_ ss:

I, the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

On March 1, 2006, the People did speak by 12 man jury and did adjudicate the fact that River Valley Family Trust holds highest and best title in fact and in law emanating from the United States of America to the above described soil. Nick Roggentien was served Habere Facias Possessionem. Notices to Quit were served. On or about March 20, 2006, Merle Richard Schmidt served Nick Roggentien with AFFIDAVIT OF HIGHEST AND BEST TITLE TO SOIL recorded in Book 778, Page 190-208 of the Iowa County Recorder.

At or about 1230 hrs. on May 23, 2006, deputies Tim Walters and Greg Welsh were ordered to the SE 1/4 of the SE 1/4, Sec. 22, 79N, R12W of the 5th P.M. by Nick Roggentien to protect Donald Jones while destroying crops belonging to Silver Eagle Trust at which time Deputy Greg Welsh stated that he had served Notice to Quit upon Donald Jones.

On June 6, 2006 Nick Roggentien acted in concert with David Seaba and was at the S 1/2 of the SW 1/4 of Sec. 23, 79N, R12W of the 5th P.M. to protect persons destroying crops belonging to Silver Eagle Trust.

On June 7, 2006 Vision Ag, LLC was given Notice that they had no right to destroy crops and Vision Ag ceased operations. At or about 12:35 p.m. on June 23, 2006, Vision Ag returned and destroyed Silver Eagle Trust property on the SW 1/4 of the SW 1/4 of Section 28, 79N, R12W of the 5th P.M. at which time Nick Roggentien was acting in concert. Nick Roggentien stated that he acts upon advice from Lewis McMeen.

At 0905 on 11-08-05, Lewis McMeen had been served with Administrative Notice and knew or should have known that "color of title" is not title in fact or in law.

                                      _*Richard H Klopping*_

                                      Signature

Subscribed and sworn to before me by_____ *Richard K Klopping* _____

at Williamsburg, Iowa this 10th day of February , 2008.

                                _*Cheryl L. Christiansen*_

                                Notary

**CHERYL CHRISTIANSEN**
COMMISSION NO. 737377
MY COMMISSION EXPIRES
OCTOBER 27, 2008

COMPLAINT AND AFFIDAVIT                                                        61a-241

# IN THE IOWA DISTRICT COURT IN AND FOR ___Iowa___ COUNTY

**STATE OF IOWA**                          Before Judge _____

                                           Criminal Number _____

                    vs.                              **Complaint and Affidavit**

___David F. Seaba___

    THE DEFENDANT is accused of the crime of___Conspiracy to commit First Degree Criminal Mischief to property of another exceeding $10,000.00 in value___ in violation of Section 706.1 of the Iowa Criminal Code/2005 in that the defendant on and before the 23rd day of June , 2006 , at the SE 1/4, SE 1/4, Sec. 22, & the S 1/2 of SW 1/4 of Sec. 23, & SW 1/4 of the SW 1/4 of Sec. 28, all in Twp. 79 N. of Range 12 West of the 5th P.M. in Iowa County, did agree with another that they or one or more of them would wilfully engage in conduct to intentionally damage and destroy tangible property valued at over $10,000.00 while having no right to so act in violation of Iowa Code Section 716.3.

    THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release where applicable,

    (1) be arrested or that other lawful steps be taken to obtain Defendant's appearance in court: or

    (2) be detained, if already in custody, pending further proceedings;

and that said Defendant otherwise be dealt with according to law.

Complainant _____
                           Signature of Complainant

_____

**Affidavit**

STATE OF IOWA, County of _Iowa_ ss:

    I, the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

    On March 1, 2006, the People did speak by 12 man jury and did adjudicate the fact that River Valley Family Trust holds highest and best title in fact and in law emanating from the United States of America to the above described soil. Nick Roggentien was served Habere Facias Possessionem. Notices to Quit were served. On or about March 20, 2006, Merle Richard Schmidt served Nick Roggentien with AFFIDAVIT OF HIGHEST AND BEST TITLE TO SOIL recorded in Book 778, Page 190-208 of the Iowa County Recorder.

    At or about 1230 hrs. on May 23, 2006, deputies Tim Walters and Greg Welsh were ordered to the SE 1/4 of the SE 1/4, Sec. 22, 79N, R12W of the 5th P.M. by Nick Roggentien to protect Donald Jones while destroying crops belonging to Silver Eagle Trust at which time Deputy Greg Welsh stated that he had served Notice to Quit upon Donald Jones.

    On June 6, 2006 Nick Roggentien acted in concert with David Seaba and was at the S 1/2 of the SW 1/4 of Sec. 23, 79N, R12W of the 5th P.M. to protect persons destroying crops belonging to Silver Eagle Trust.

    On June 7, 2006 Vision Ag, LLC was given Notice that they had no right to destroy crops and Vision Ag ceased operations. At or about 12:35 p.m. on June 23, 2006, Vision Ag returned and destroyed Silver Eagle Trust property on the SW 1/4 of the SW 1/4 of Section 28, 79N, R12W of the 5th P.M. at which time Nick Roggentien was acting in concert. Nick Roggentien stated that he acts upon advice from Lewis McMeen.

    At 0905 on 11-08-05, Lewis McMeen had been served with Administrative Notice and knew or should have known that "color of title" is not title in fact or in law.

_____
                           Signature

Jacob William Schrock

Subscribed and sworn to before me by_____
at Williamsburg, Iowa this 10th day of February , 2008.

Cheryl L. Christiansen
                           Notary

CHERYL CHRISTIANSEN
COMMISSION NO. 737377
MY COMMISSION EXPIRES
OCTOBER 27, 2008

**COMPLAINT AND AFFIDAVIT**                                                    61a-241

# IN THE IOWA DISTRICT COURT IN AND FOR ___Iowa___ COUNTY

**STATE OF IOWA**

Before Judge _____

Criminal Number _____

vs.

## Complaint and Affidavit

___Donald Jones_____

    THE DEFENDANT is accused of the crime of __Conspiracy to commit First Degree Criminal Mischief to property of another exceeding $10,000.00 in value_____ in violation of Section 706.1 of the Iowa Criminal Code/2005 in that the defendant on and before the 23rd day of June , 2006 , at the SE 1/4, SE 1/4, Sec. 22, & the S 1/2 of SW 1/4 of Sec. 23, & SW 1/4 of the SW 1/4 of Sec. 28, all in Twp. 79 N. of Range 12 West of the 5th P.M. in Iowa County, did agree with another that they or one or more of them would wilfully engage in conduct to intentionally damage and destroy tangible property valued at over $10,000.00 while having no right to so act in violation of Iowa Code Section 716.3.

    THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release where applicable,

    (1) be arrested or that other lawful steps be taken to obtain Defendant's appearance in court: or

    (2) be detained, if already in custody, pending further proceedings;

and that said Defendant otherwise be dealt with according to law.

Complainant _____

*Signature of Complainant*

### Affidavit

STATE OF IOWA, County of _Iowa_ ss:

    I, the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

    On March 1, 2006, the People did speak by 12 man jury and did adjudicate the fact that River Valley Family Trust holds highest and best title in fact and in law emanating from the United States of America to the above described soil. Nick Roggentien was served Habere Facias Possessionem. Notices to Quit were served. On or about March 20, 2006, Merle Richard Schmidt served Nick Roggentien with AFFIDAVIT OF HIGHEST AND BEST TITLE TO SOIL recorded in Book 778, Page 190-208 of the Iowa County Recorder.

    At or about 1230 hrs. on May 23, 2006, deputies Tim Walters and Greg Welsh were ordered to the SE 1/4 of the SE 1/4, Sec. 22, 79N, R12W of the 5th P.M. by Nick Roggentien to protect Donald Jones while destroying crops belonging to Silver Eagle Trust at which time Deputy Greg Welsh stated that he had served Notice to Quit upon Donald Jones.

    On June 6, 2006 Nick Roggentien acted in concert with David Seaba and was at the S 1/2 of the SW 1/4 of Sec. 23, 79N, R12W of the 5th P.M. to protect persons destroying crops belonging to Silver Eagle Trust.

    On June 7, 2006 Vision Ag, LLC was given Notice that they had no right to destroy crops and Vision Ag ceased operations. At or about 12:35 p.m. on June 23, 2006, Vision Ag returned and destroyed Silver Eagle Trust property on the SW 1/4 of the SW 1/4 of Section 28, 79N, R12W of the 5th P.M. at which time Nick Roggentien was acting in concert. Nick Roggentien stated that he acts upon advice from Lewis McMeen.

    At 0905 on 11-08-05, Lewis McMeen had been served with Administrative Notice and knew or should have known that "color of title" is not title in fact or in law.

_____
*Signature*

Subscribed and sworn to before me by___ Donald J. Kerf _____

at Williamsburg, Iowa this 10th day of February , 2008.

_____
*Notary*

**CHERYL CHRISTIANSEN**
COMMISSION NO. 737377
MY COMMISSION EXPIRES
OCTOBER 27, 2008

COMPLAINT AND AFFIDAVIT                                                      61a-241

# IN THE IOWA DISTRICT COURT IN AND FOR ___Iowa___ COUNTY

### STATE OF IOWA

Before Judge _____

Criminal Number _____

vs.

**Complaint and Affidavit**

___Vision Ag. L.L.C.___

THE DEFENDANT is accused of the crime of __Conspiracy to commit First Degree Criminal Mischief to property of another exceeding $10,000.00 in value__ in violation of Section _706.1_ of the Iowa Criminal Code/_2005_ in that the defendant on and before the _23rd_ day of __June__ , _2006_ , at the SE 1/4, SE 1/4, Sec. 22, & the S 1/2 of SW 1/4 of Sec. 23, & SW 1/4 of the SW 1/4 of Sec. 28, all in Twp. 79 N. of Range 12 West of the 5th P.M. in Iowa County, did agree with another that they or one or more of them would wilfully engage in conduct to intentionally damage and destroy tangible property valued at over $10,000.00 while having no right to so act in violation of Iowa Code Section 716.3.

THEREFORE, Complainant requests that said Defendant, subject to bail or conditions of release where applicable,

    (1) be arrested or that other lawful steps be taken to obtain Defendant's appearance in court: or

    (2) be detained, if already in custody, pending further proceedings;

and that said Defendant otherwise be dealt with according to law.

Complainant _Douglas Bell_
                                    Signature of Complainant

_____

**Affidavit**

STATE OF IOWA, County of _Iowa_  ss:

    I, the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief that the Defendant committed this crime.

    On March 1, 2006, the People did speak by 12 man jury and did adjudicate the fact that River Valley Family Trust holds highest and best title in fact and in law emanating from the United States of America to the above described soil. Nick Roggentien was served Habere Facias Possessionem. Notices to Quit were served. On or about March 20, 2006, Merle Richard Schmidt served Nick Roggentien with AFFIDAVIT OF HIGHEST AND BEST TITLE TO SOIL recorded in Book 778, Page 190-208 of the Iowa County Recorder.

    At or about 1230 hrs. on May 23, 2006, deputies Tim Walters and Greg Welsh were ordered to the SE 1/4 of the SE 1/4, Sec. 22, 79N, R12W of the 5th P.M. by Nick Roggentien to protect Donald Jones while destroying crops belonging to Silver Eagle Trust at which time Deputy Greg Welsh stated that he had served Notice to Quit upon Donald Jones.

    On June 6, 2006 Nick Roggentien acted in concert with David Seaba and was at the S 1/2 of the SW 1/4 of Sec. 23, 79N, R12W of the 5th P.M. to protect persons destroying crops belonging to Silver Eagle Trust.

    On June 7, 2006 Vision Ag. LLC was given Notice that they had no right to destroy crops and Vision Ag ceased operations. At or about 12:35 p.m. on June 23, 2006, Vision Ag. returned and destroyed Silver Eagle Trust property on the SW 1/4 of the SW 1/4 of Section 28, 79N. R12W of the 5th P.M. at which time Nick Roggentien was acting in concert. Nick Roggentien stated that he acts upon advice from Lewis McMeen.

    At 0905 on 11-08-05. Lewis McMeen had been served with Administrative Notice and knew or should have known that "color of title" is not title in fact or in law.

                                  John D. Miller
                                        Signature

Subscribed and sworn to before me by _____

at _Williamsburg_, Iowa this _10th_ day of _February_, 2008.

              _John D. Miller_

               _Cheryl L. Christiansen_
              Notary

CHERYL CHRISTIANSEN
COMMISSION NO. 737377
MY COMMISSION EXPIRES
OCTOBER 27, 2008

CERTIFICATE

STATE OF IOWA, POWESHIEK COUNTY SS:

Dianna Longhenry, Recorder of said County hereby certify that
e forgoing is a true and correct copy of the original instrument
: shown by the records, recorded in

ook  931  and Page  598  in said County.

ated this  19th  day of  June  , 20 15 .

*Dianna Longhenry*

ianna Longhenry, County Recorder

File No. 1519
BK 0931 PG: 0598
Recorded: 06/19/2013 at 11:30 AM
Fee Amt:    $42.00 Auditor:
Revenue Tax:    $0.00 Stamp#  0
Poweshiek County Iowa
Dianna Longhenry, Recorder

---

Return to Michael David Roberts, Box 159, Deep River, Iowa 52222

**STATE OF IOWA** } ss        **AFFIDAVIT OF FACTS BY Michael David Roberts**
**COUNTY OF POWESHIEK** }

I, Michael David Roberts, being first duly sworn, state the following facts are all true and correct:

FACT # 1.  Attached hereto is certified true copy of a document sworn to by Doug Bell.

FACT # 2.  On June 13, 2013 this affiant received originals of copies marked Exhibits A, B, C and D attached hereto.

FACT # 3.  On Oct. 22, 2012, this affiant did post two $300 bonds related to said Exhibits A, B, C, and D.

FACT # 4.  This affiant DOES NOT CONSENT to the contents of said Exhibits A, B, C, and D.

FACT # 5.  Documents, copies of which are marked Exhibits A, B, C and D were returned to the Clerk of Court by Certified Mail 7007 1490 0004 7318 6438 to terminate all presumption of agreement thereto.

FACT # 6.  Document shown as Exhibit E attached hereto was also mailed in said Certified Mail to the Clerk.

FACT # 7.  Robert Leinen enjoys 7 days to cause to be filed into the record an affidavit stating under penalty of perjury that the natural man Merle Richard Schmidt never attended the proceedings held by Kandyce Smolik on June 4, 2013.

FACT # 8.  This affiant has very reliable information, to wit:

a.  Merle Richard Schmidt was in attendance at proceedings held by Kandyce Smolik on June 4, 2013.

b.  Merle Richard Schmidt did specifically inform Kandyce Smolik orally that facts were stipulated to and that accordingly Smolik was informed that there were no facts in controversy.

c.  Merle Richard Schmidt did inform all present on June 4, 2012, "THE BONDS ARE LIENED."

FACT # 9.  Respecting the UCC-3 that the natural man caused to be served upon Kandyce Smolik in the court-room on June 4, 2013, the undersigned affiant can see no reason to believe, to wit:

a.  That this affiant, Michael David Roberts, should not be added as "Secured Party" on UCC-3; and

b.  That Lewis McMeen, Robert Leinen, and Kandyce Smolik should not all be added as "Debtor" in conjunction with the document showing Douglas Bell's signature and attached hereto, subject to statement of claim and proof of claim to the contrary and filed into the forfeiture files within 7 days from notice of this affidavit; and.

c.  That bond provider Travelers Insurance should not be added as "Debtor" for racketeering activity of Robert Leinen and Kandyce Smolik who act in concert with Lewis McMeen who has directed conversion of eminent domain funds for construction of interstate natural gas pipeline, and who has intercepted and abrogated Registered United States mail addressed to Grand Jurors, and who has directed the crime, or abrogated the prosecution of crime, shown in Exhibit E, and many more acts in addiction, subject to statement of claim and proof of claim to the contrary.

Failure to execute and file affidavits into the forfeiture cases within 7 days, will be accepted as proof that no person has capacity to rebut the foregoing verified facts.

*Michael David Roberts*

Michael David Roberts

Subscribed and sworn to before me by Michael David Roberts, this  19  day of June 2013.

*Arlene F. McKain*

Notary Public

ARLENE F. McKAIN
Commission Number 753814
My Commission Expires
7 - 21 - 14

## CRIMINAL COMPLAINT

I, the undersigned, being duly sworn, state that the following facts known to me or told to me by other reliable people, form the basis for my belief that the defendants named below committed crime, to wit.

The common law has ALWAYS been in force in Iowa as sustained by the Iowa Supreme Court upon Certified Question of Law.

Kandyce Smolik and Robert Leinen act as paid magistrates of that specific State of the United States named the STATE OF IOWA. They are employed by said State of the United States to enforce its statutes that are in derogation of law and mentioned in Iowa Code 4.2. Said statutes are properly enforced only by and through agreement of the parties such as citizenship in the said State of the United States. Said statutes in derogation of law are not to be strictly construed and enforced when magistrates are in want of *"deriving their just powers from the consent of the governed"* as decreed in the organic law of July 4, 1776.

Lewis McMeen has directed the activities of corporate employees in and for Iowa County as County Attorney, all contrary to Amendment 31 to the 1857 CONSTITUTION OF THE STATE OF IOWA.

Kandyce Smolik, Robert Leinen, and Lewis McMeen, hereinafter referred to as "the three U.S. persons," work in concert while knowing that the people did speak and did settle this matter that the trustees of River Valley Family Trust are vested with the right of possession regarding the close of River Valley Family Trust.

On December 6, 2011, cattle were upon the close of River Valley Family Trust described as the Northwest Quarter of the Northwest Quarter of Section 33, Township 79 North of Range 12 West of the 5th Principal Meridian to which a tax deed had been rendered by the Iowa County Treasurer after concealment of a mandatory affidavit as shown in verified felony complaint, and cows were upon the close described as the Southwest Quarter of the Southwest Quarter of Section 28, Township 79 North of Range 12 West of the 5th Principal Meridian.

The three U.S. persons are professionals well schooled in law and know that River Valley Family Trust holds treaty title in fact and in law and that no person is in privity with a common or paramount source of title thereto.

Because of cattle upon on the close of River Valley Family Trust, criminal complaints were executed against the MERLE RICHARD SCHMIDT and filed in

1

Iowa County case No. CISMAC065723 on December 16, 2011 and case No. CISMAC065733 on January 5, 2012.

The said complaints were subjected to non-statutory abatement in Iowa County Sheriff's case number RB 703 005 187 US.

The three U.S. persons wilfully and knowingly refused to take cognizance of law and refused to take cognizance of the abatement conducted under the law that has always been in force in Iowa.

Because the three U.S. persons acted under color of law, statute, ordinance, regulation, or custom, the natural man who decrees his Christian appellation to be Merle Richard Schmidt was arrested and incarcerated in the Iowa County jail in October of 2012 to await trial scheduled for the following year.

On **October 22, 2012,** a third party posted $600 bond to secure the release of the natural man so the natural man would not be incarcerated for months awaiting the trial now scheduled for **June 4, 2013** for an alleged violation of county ordinance not subject to jail time.

The three U.S. persons had full knowledge of combined documents entitled "Appendages." The three persons know they are acting under color of law while in want of consent of the governed as sustained by Kandyce Smolik;

and I charge that before the execution of this Complaint on this 18th day of May 2013, in the County of Iowa and in the State of the United States named the State of Iowa, **Kandyce Smolik, Robert Leinen and Lewis McMeen,** did under color of law, statute, ordinance, regulation, or custom unlawfully and willfully engage in extortion in a *"pattern of racketeering activity"* in violation of **18 U.S.C. § 1962,** against the peace and dignity of the United States.

*Douglas P. Bell*

Signed and sworn to before me by (print) Douglas P. Bell
, on this 18th day of May 2013.

STATE OF IOWA, COUNTY OF JEFFERSON, SS

I, the undersigned Notary Public in and for the State of Iowa, do hereby certify that this is a true copy of the original instrument that is now in my possession.

Witness my hand this 22nd day of May 2013.

**Notary Public**

Notary Public in and for the State of Iowa

-2-

**PRESS RELEASE FROM IOWA COUNTY SHERIFF'S DEPARTMENT:**

**On today's date (Wednesday, Jan. 29), former Iowa County Treasurer and Iowa County Board of Supervisor member Kimberly J. Tanke, was charged with Theft in the First Degree (Class C Felony).**

**Tanke was charged following an investigation by the Iowa County Sheriff and the Iowa Division of Criminal Investigation. The investigation was initiated after the county's private auditing firm and the current Iowa County Treasurer and Auditor discovered the missing funds and it was reported to law enforcement. The audit revealed missing funds in excess of $62,000.**

**The missing funds were related to calendar years 2006 to 2010 when Tanke served as the Iowa County Treasurer. Tanke resigned her seat on the Iowa County Board of Supervisors January 20, 2014 citing personal reasons.**

**Tanke made an initial appearance in Iowa County District Court late this afternoon and has been released pending further proceedings.**

# Former Iowa county treasurer receives proba... degree theft case

Brian Rathjen, For the Press-Citizen    *5:06 p.m. CDT September 2, 2014*

× Supervisors-Kim Tanke (3)

*(Photo: Submitted Photo)*

**Public F...
Records**

beenverified.c...

**Search Any
Step 1) Ent...
Police Rec...**

A former Iowa County official, who admitted to stealing more than $60,000 in public funds over a four-year period, has been given a deferred judgment in her theft case.

Kimberly Jo Tanke, 54, of Williamsburg, who was the county treasurer from 1999-2010, was also given three years probation after pleading guilty to first-degree theft charges and ordered to make restitution in the case. The sentence was handed down Tuesday afternoon, Sept. 2, in Iowa County District Court by Judge Nancy Baumgartner.

Tanke pleaded guilty March 10. She was accused of diverting $64,725.09 of cash receipts to her own personal use – an amount that was higher than the initial $62,397 indicated earlier in court documents – while serving as Iowa County Treasurer. She later admitted the theft to the current Iowa County Auditor and was responsible for the missing funds.

Tanke had served as Iowa County Treasurer from July 16, 1999 until July 2010, at which time she stepped down to run for Iowa County Supervisor. She was elected supervisor in November 2010 and had most recently been the vice chairman of the board until resining Jan. 20, citing personal reasons. Prior to her election as treasurer, Tanke worked in as a clerk in the auditor's office starting in January 1995. She also worked as a clerk in between the time she resigned as treasurer and her election as supervisor.

Watch for more in further updates this week on yourweeklypaper.com, and a full report with the Journal Tribune and Pioneer Republican.



Pa...
con...
(/st...
-s-...
(/story/news/loc...
-s-governor-st- Sep...
convert-way-
traffic/15048919/)

No...
me...
(/st...
-sp...
(/story/news/loc...
-speak-kiwanis Sep...
:
meeting/15048913...



United States Court
of International Trade
OFFICE OF THE CLERK
One Federal Plaza
New York, NY 10278-0001

*Exhibit C*

September 24, 2014

Druyor Knight
1640 Highway 1
Fairfield, Iowa 52556

Merle Richard Schmidt
General Delivery
Deep River Post Office
Deep River, Iowa

Dear Mr. Knight :

We have received your submission dated September 8, 2014. Please be aware that the United States Court of International Trade does not handle the matter described in your documents. The United States Court of International Trade is a United States Article III court. Typically, it adjudicates civil actions brought against the United States that involve decisions by executive agencies regarding the administration and enforcement of the customs and international trade laws of the United States.

Our Court maintains a website which can be found at www.cit.uscourts.gov. The website contains information on the "About the Court" page that may answer any questions you have about the jurisdiction of our court. I hope this material answers any questions you may have. We are also returning your postal money order in the amount of $400.00.

Thank you for your interest in our Court. If you have any questions, please call at 212- 264-2800.

Sincerely,

Deputy Clerk

enclosure